JOSEPH LEMAY, Appellant, vs. PAUL BIBEAU, Respondent.

A conveyance of Real Estate in due form, even if made with intent to defraud creditors, is good as between parties and privies, and can only ,be avoided by a creditor of the fraudulent grantor. And such creditor may have his election either to affirm, or attempt to avoid the conveyance, but he cannot do both. He cannot receive a benefit under the conveyance, and then claim that the same is fraudulent. And by receiving a benefit under it, he thereby affirms it, and is estopped from setting up fraud or other facts in avoidance.

This was an Appeal from a judgment of the District Court of Ramsey County, upon an order sustaining a demurrer to a reply. The contents of the Reply, and the objections thereto taken advantage of by the demurrer, are set forth in the Opinion.

[The points and authorities of the Appellant are not on file.]

The following are the points and authorities of Counsel for Respondent:

*First.* That a conveyance made with intent to defraud creditors is good between the parties and privies, and can only be avoided by a creditor of the fraudulent grantor. 5 *Bing.* 109; 16 *Johns.* 189; 22 *Pick.* 253; 10 *Cow.* 69, *&c.;* 1 *Story* 371; 1 *Am. Leading Cases*, 76.

*Second.* A creditor who has received a benefit under a fraudulent conveyance, or who has in any manner ratified the same, cannot *afterwards* avoid it. *Barr. on Assignments*, p.

543; 1 *Rawle Pa. p.* 163, *Adler vs. Yaed*; 1 *American Lead. Cases, p.* 111, *Note*; 5 *Wend.* 661; 5 *Metcalf* 49.

*Third.* Lemay by his proceeding supplementary to execution in effect prosecuted an action against the Respondent representing therein Vandall, for the recovery and to compel the payment of the amount then unpaid by Bibeau to Vandall on said alleged fraudulent sale, and is therefore *estopped* by recovering the benefit of said consideration from controverting the legality of said conveyance on its good faith. Because, 1st, it would be a manifest wrong to permit Lemay upon the claim of an actual indebtedness existing by virtue of said sale and conveyance, to recover and then after receiving the price to be paid by Bibeau to repudiate said contract of sale and subject the land, so as to deprive Respondent of both money and land.

*Fourth.* The Appellant has made his election, and must after receiving a benefit under it, abide by it. 1 *Ameri. Lead. Cases,* above cited.

*Fifth.* The several points made in the demurrer, are well taken, and the decision of the Court below must be sustained.

J. & C. D. Gilfillan, Counsel for Appellant.

Smith & Gilman, Counsel for Respondent.

*By the Court*—I. Atwater, J. The Reply in this case admits the appointment of a Receiver, under the proceedings supplementary to execution, which are set forth in the Answer, and that the Plaintiff in such proceedings received the sum of twenty-five dollars. This sum, as appears from the Answer, was an amount found due by the examination of the Defendant Bibeau, and Vandal, from Bibeau to Vandal, on the purchase of the land specified in the Complaint by Bibeau from Vandal. The amount found due from Bibeau to Vandal on the sale of the land specified in the Complaint, and the conveyance of which the Plaintiff seeks to set aside, was ordered by the Court below to be paid over to the Plaintiff, in part satisfaction of his judment against Vandall, and was received by the Plaintiff for such purpose. The only question which

it is necessary to consider in this case is, whether the Plaintiff can be permitted to receive a part of the consideration of the sale from Vandal and Bibeau, and then come into Court and ask to have the sale set aside as fraudulent, and therefore void as to creditors. The defendant claims that the Plaintiff by instituting proceedings supplementary to execution, in effect prosecuted an action against the respondent, representing therein Vandal, for the recovery, and to compel the payment ment of the amount then unpaid by Bibeau to Vandal, on the purchase of the lands in question. It is true that such might have been the object of the Plaintiff in taking these proceedings, but it was not necessarily such. It might have been his object to ascertain not only whether Bibeau was indebted to Vandal, but also all the circumstances attending the sale, in order that he might determine whether the same was *bona fide* or otherwise.

But whatever may have been the object of the Appellant in taking supplementary proceedings against Vandal, it can make no difference in the consideration of this case. The question is with reference to what he actually *did* under such proceedings. It appears from the case that the District Court or the Judge thereof found a certain amount due from Bibeau to Vandal, on the purchase of the land by the former from the latter. That thereupon a receiver was appointed, to whom Vandal by order of the Court, was directed to assign this indebtedness. This was done, and the proceeds were paid over by the Receiver to the Plaintiff and accepted by him, and the receiver discharged. Upon this state of facts, we think the Plaintiff is estopped from now setting up, that the sale from Vandal to Bibeau was fraudulent and void. There can be no doubt but that a conveyance of real estate in due form, even if made with the intent to defraud creditors is good as between the parties and privies, and can only be avoided by a creditor of the fraudulent grantor. *Rev. Stat. p.* 269. *Sec.* 1; 1 *Smith's Lead. Cases,* 41; *Jackson vs. Malvin* 16 *Johns,* 189; 1 *Story Eq. Jur. Sec* 425; *Jackson vs. Cadwell,* 1 *Cow.* 622; 22 *Pick.* 253. And the creditor may have his election either to confirm the conveyance, or attempt to avoid it, but he cannot do both. He cannot receive a benefit under

the conveyance, and then turn round and claim that the conveyance is fraudulent and void. And it is held that by receiving a benefit under the conveyance claimed to be fraudulent, he thereby affirms it, so as to be estopped from setting up fraud or other facts in avoidance of it. He cannot hold on to such part of the contract as may be desirable on his part and avoid the residue, but must rescind *in toto*, if at all, and the party who would disaffirm a fraudulant contract, must return whatever he has received upon it. Such at least is the rule with reference to the parties to a contract claimed to be fraudulent, and it is difficult to see how the creditor can stand in any better position in reference to the contract, than an innocent vendee. *Mason vs. Boret*, 1 *Denio*, 69; *Campbell vs. Fleming*, 3 *Ner. & Man*, 834; *Chit. on Con*. 408, 409, 680 ; *Burton vs. Stewart*, 3 *Wend*. 236; 2 *Kent's Com. p*. 480; 5 *East Rep*. 449; *Voorhes vs. Earl*, 2 *Hill*, 288; 3 *Sand*. 174.

The cases above cited, are mostly those in which one of the parties to the contract sought to avoid it on the ground of fraud. In the case at bar, the complaint charges that both parties (the vendor and vendee) acted fraudulently in effecting the sale. But it also admits that the Plaintiff has received a benefit under the sale, to wit, a part of the consideration paid by Bibeau for the land. By such act, he so far affirms the sale of the land, as to be estopped from questioning its validity on the ground of fraud.

It is claimed by the Counsel for the Appellant, that the respondent having entered into a fraudulent contract, is precluded from objecting to the loss of both the purchase money and the land, in case such should be the result of this suit. But the same reasoning would equally apply in a case where one of the parties sought to avoid the contract on the ground of fraud, and yet, by the authorities referred to, it will be seen that they are not permitted to retain what has been received, and still insist that the contract is wholly void. And when a party claiming to have been defrauded in the sale of goods, brings assumpsit, instead of trover, to recover the price of the goods, he affirms the contract and cannot set up that the sale was void on the ground of fraud. *Ferguson vs. Carrington*, 9 *Barn. & Cres*. 59; *Brinley vs. Tibbets*, 7 *Green*, 70; 5 *Met*. 49.

In the case at bar it would appear that the Plaintiff must have been aware of the alleged fraud, at the time he accepted, the money under the proceedings supplementary to execution, and if so, it would not avail him to offer to restore the amount received, in bringing an action to set aside the conveyance as fraudulent.

The judgment of the Court below must be affirmed.