AUSTIN SUMNER *et als.*, Plaintiffs in Error, *vs.* N. H. SAWTELLE, *et al.*, Defendants in Error.

#### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

S. purchased a piece of land, and paid the consideration money, and directed the deed to be made to a third person, under an agreement that such person should hold the land in trust for the use and benefit of S. *Held,* That no such trust can be created under the statute, and that the person taking the title took the entire legal and equitable estate in the land, subject only to the claims of the creditors of S.

In an action by the creditors of S. to render the property subject to their judgment against him, it is no defence to show that the premises were occupied by S. and family, as a homestead. The grantee of S. is the only person who can interpose a defence against the claims of creditors. A party pleading the Homestead Exemption Act must show that he owns as well as occupies the premises.

The Plaintiffs in Error commenced their suit in said District Court, in May, 1862, and in their complaint set forth as follows, viz. :

A judgment duly rendered and docketed in the Supreme Court of the State on the 9th of May, 1859, in favor of the Plaintiffs in Error and against the Defendant in Error, N. H. Sawtelle and one John M. Castner, for the sum of $4,128.77, which judgment is in full force and effect, and wholly unpaid; and was so rendered in a cause of action arising in the year A. D., 1856, and an execution thereon duly issued and returned the 22d day of October, 1859, *nulla bona* as to both Defendants. That said Castner is wholly insolvent and has no property of any kind whereof to make said judgment, and that said N. H. Sawtelle is likewise insolvent and has no property of any kind whereof to make said judgment, except as hereinafter stated. That prior to the summer and fall of the year 1861, the Defendant, N. H. Sawtelle, was in possession of lot 10 of block 3, of Joel Whitney's addition to St. Paul, which possession was under and by virtue of a certain contract made April 19th, 1858, between one John Matthews, the then owner and the Defendant, Mary T. Sawtelle, in and to which contract the Defendant, N. H. Sawtelle, held and owned the

whole beneficial interest, the said Mary T. being a nominal party thereto, and holding on a secret trust for her husband, and being so in possession, the said N. H. Sawtelle did erect thereon a certain stone building for a store and dwelling house, with his own money and capital, and that he did then and has ever since owned the whole beneficial interest therein. That afterwards, in the fall of 1861, the aforesaid contract between John Matthews and Mary T. Sawtelle, was cancelled, and thereupon the said N. H. Sawtelle became the purchaser of the above premises hereinbefore set forth, with the stone building thereon, under a contract and agreement between one Catherine Mathews, who had then succeeded to the interest of said John Mathews, and did procure a conveyance of the said premises to be made to the Defendant, Clarissa B. Strout, the wife of the Defendant, Jacob Strout, and the mother-in-law of the Defendant, N. H. Sawtelle; and thereupon at the procurement of N. H. Sawtelle, a deed was duly executed and delivered by the said Catherine Mathews to the said Clarissa B. Strout, conveying the said premises in fee to her in whom the fee to said premises still remains; that the said N. H. Sawtelle paid the whole of the consideration money for the said conveyance to the said Clarissa B. Strout, and the said Clarissa B. Strout paid no part of the consideration for the same; that the said Clarissa B. Strout so took the said premises on a secret trust for the sole use and benefit of the said N. H. Sawtelle, and has no beneficial interest therein whatever, and the said N. H. Sawtelle owns the whole beneficial interest therein, and took title to said premises in the name of the said Clarissa B. Strout, for the sole purpose of keeping the same beyond the reach of the Plaintiffs, and of preventing them from collecting the aforesaid judgment; that said premises are worth the sum of about $2,000, and are held by the said Clarissa B. Strout in fraud of the rights of the Plaintiffs, and the same ought in equity and good conscience to be charged with the aforesaid judgment of the Plaintiffs. The prayer for relief in the complaint is, that the aforesaid premises be adjudged the property of the Defendant, N. H. Sawtelle, and be charged with the aforesaid judgment, and be adjudged subject to levy and sale under an execution on said

judgment, and the Defendant, N. H. Sawtelle pay the costs of suit. The Defendants answer jointly and admit all the averments relative to the judgment and execution, as set forth in the complaint, and also admit the insolvency of the Defendant, N. H. Sawtelle. Denies Castner's insolvency on information and belief, and then denies each allegation in the complaint, not before admitted, except as hereinafter stated, and then proceeds to set forth as follows, viz.: That on the 19th of April, 1858, a bond in writing and under seal was entered into between one John Mathews, and the Defendant, Mary T. Sawtelle, whereby upon the payment of certain sums of money the said John Mathews covenanted to convey to the said Mary T. Sawtelle the lot described in the complaint. That afterwards the Defendant, N. H. Sawtelle, entered upon said lot and proceeded to erect a dwelling-house for a family homestead; and that immediately after the erection and construction thereof, viz.: Nov. 1, 1858, the said Sawtelle and wife went into the occupation and possession of said lot and house, and have ever since occupied the same as a family homestead. That after the execution of said bond, John Mathews deceased, and in the month of September, 1860, Catherine Mathews became administratrix of his estate, with will annexed. That in the fall of 1861, N. H. Sawtelle having rendered and performed other considerations, in lieu of the payment of the money mentioned in said bond, and accepted by the said Catharine Mathews, she, the said Catharine Mathews, as such administratrix, and having full power so to do, at the request of N. H. Sawtelle and wife, conveyed by deed duly executed, said lot to said Clarissa B. Strout, who is the wife of said Jacob Strout. That said Clarissa B. Strout did not pay or promise to pay any consideration for said conveyance to her, but that said premises were so conveyed and the conveyance thereof accepted by her in trust for the said N. H. Sawtelle and wife, who are the beneficial owners thereof, and the same are their family homestead, and have been, as well before as since the execution of said deed, and now is held and occupied by them, and the said Clarissa B. Strout now holds the same in trust for them as their homestead. That said transactions were made in good faith and not for the intent to hinder, de-

lay or defraud the Plaintiffs in the collection of said judgment, or any other creditors of N. H. Sawtelle, and demands judgment for costs and disbursements.

The reply denies that the premises are held or occupied as a homestead by said N. H. Sawtelle and wife, and sets up that they live in Anoka county.

The cause came on for trial at the October Term of the District Court, and was tried by the Court, and a decision in writing duly filed therein, on the 5th day of December, 1862, in and by which decision the said Court finds as facts,

1st. All the allegations contained in the complaint relative to the judgment and execution of the Plaintiffs in Error vs. the Defendants in Error, N. H. Sawtelle and the said Castner.

2nd. The insolvency of both Castner and Sawtelle, as in the complaint alleged.

The decision then finds as follows, viz.:

" I further find that on the 19th day of April, 1858, a bond or contract in writing, under seal, was executed by and between one John Mathews, in said complaint mentioned, and the Defendant, Mary S. Sawtelle, who is sued by the name of Mary T. Sawtelle, whereby upon the payment of certain sums of money, the said Mathews covenanted and agreed to convey to the said Mary, the lot of land in said complaint described. That after the execution of said bond, the said N. H. Sawtelle entered upon said lot and erected thereon a dwelling house, for a family homestead, and on or about the 1st day of November, 1858, the said N. H. Sawtelle, and Mary, his wife, went into the occupancy of said dwelling house, and have ever since that time lived therein and occupied the same as a homestead, as set forth in the answer herein. That after the execution of said bond the said John Mathews deceased, and in September, 1860, Catherine Mathews, in said complaint mentioned, was duly appointed administratrix of his estate, as stated in said answer. That in the fall of the year one thousand eight hundred and sixty-one, the said Catherine Mathews, as said administratrix, at the request of the said Sawtelle and wife, upon sufficient consideration moneys from said N. H. Sawtelle, conveyed by deed duly executed and acknowledged, the said lot to Clarissa B. Strout,

in said complaint mentioned, as alleged in said answer. That said Clarissa B. Strout did not pay or promise to pay any consideration for said conveyance to her, but that said premises were so conveyed to, and the conveyance thereof accepted by her, in trust for the said N. H. Sawtelle, and Mary his wife, who are the beneficial owners thereof, and are now in possession of the same as a homestead. I further find that all the remaining allegations and issues in said pleadings contained, not having been admitted or established by evidence on the trial, are untrue. As conclusions of law from the foregoing facts, I find that the said lot of land, in said complaint described, with the buildings and appurtenances, is exempt as a homestead from levy and sale under the judgment aforesaid. Therefore, it is adjudged that said Defendants do have and recover judgment of said Plaintiffs, according to the prayer of their said answer. Judgment accordingly."

Points and Authorities of Plaintiffs in Error.

I.—The object of the action is to charge the premises in question with the judgment of the Plaintiffs in Error and if the facts of the case entitle us to this relief the Court will grant it, for the Defendants have answered and the Court may therefore grant any relief consistent with the case made by the complaint and embraced within the issue. *Pub. Stat.*, p. 554, *sec.* 169; *Van Santvoords Eq. Pr.*, p. 108; *Marquat vs. Marquat*, 2 *Kernan*, (*N. Y. Ct. Ap.*), 336.

When an answer has been put in, "the demand of relief in the complaint becomes immaterial." p. 341, 2 *Kernan*. The specific mode of charging the premises with the judgment may not be properly indicated in the prayer of the complaint, where we have asked that the premises be sold on execution as the property of N. H. Sawtelle, but this in no wise prevents us from taking a decree of sale, the remedy pointed out in *Garffeld vs. Hatmaker*, 1 *Smith, N. Y. Ct. Ap.*, 478. The general prayer for such other or further relief as to the Court may seem meet, is not inserted in the complaint, and is rendered wholly unnecessary by the code, for if there be no answer the relief cannot exceed that which shall have

been specifically asked in the complaint. *Pub. Stat.*, 554, *sec.* 169.

The mere insertion of the general prayer could not change this statutory rule. If, however, the Defendants have answered as in this case, then the demand for relief becomes wholly immaterial, and the only question is to what relief do the facts in the case entitle the Plaintiffs.

II.—By force of the statute no estate of any kind vests in Sawtelle after the conveyance by Mathews to Defendant Strout, but the whole estate is in Mrs. Strout, subject to the Plaintiffs' equities as creditors. *Pub. Stat., p.* 382, *secs.* 5, 7 and 8; 1 *Smith, N. Y. Ct. Ap.*, 475; 8 *ib.*, 564; 2 *Minn.*, 283. It will be observed that our statute is identical with that of New York, and hence New York decisions are in point.

III.—The statute raises a trust in Mrs. Strout, in favor of the Plaintiffs. *See cases cited under 2d point.*

IV.—A resulting trust to creditors being established it must be enforced for their benefit unless the homestead exemption claim of Sawtelle intervenes to prevent it. We have already shown that the creditors are not pursuing Sawtelle's interest in the property, but the interest of Mrs. Strout. The debtor's own property, or his interest in property (where he has not the whole estate,) may be exempt, but it needs no argument to show that the exemption law applies to that only which but for the law would be liable to levy and sale on coercive process. Now, in the absence of any exemption law, will it be pretended that the estate which the law has vested absolutely in Mrs. Strout, would be liable to coercive process against Sawtelle, or any person except Mrs. Strout? Nothing saves it from being absolutely her property and liable for her debts except the claims of Sawtelle's creditors, whose equities are superior to her rights. It is not Sawtelle's resulting or beneficial interest that we would reach by this proceeding, as the opposing counsel seems to suppose, for he has none. Sawtelle then needs no protection and has nothing that requires the protection of the exemption act, and no exemption claim that he may interpose can prevent the enforcement of this trust with which the law charges Mrs. Strout.

Nothing in the statute interferes with this common sense

view of exemption acts.   The Homestead Exemption Act, sec. 1, p. 569, *Pub. Stat.*, provides that a "homestead," &c., defining it "owned and occupied" by any resident of this State shall not be subject to levy and sale, &c.   Sec. 6 of the same act provides that "any person owning and occupying any house or land, not his own, and claiming said house as a homestead shall be entitled to the exemption aforesaid." How can a man own what is not his own? is the first question suggested by section six.   To give it any effect it means only that the property which one has in premises occupied, &c. shall be exempt though he may not have the full title, as for instance a leasehold estate.   He must own as well as occupy something before any exemption attaches.   In this case the statute gives the whole to Mrs. Strout,—then what is there for Sawtelle to own ?   Can A be prevented from enforcing his judgment against land of B. by a third party in possession of the land without any title—a mere tenant at will, and who can at any moment be ejected by B merely because the third party has a present residence and claims the same as a homestead ?   Can he say this is my homestead and therefore you cannot have B's interest in the property ?   A would certainly reply you are a tenant at will on B's land, and you will become a tenant at will on mine as soon as the levy and sale is consummated.   Your homestead exemption attaches to your interest and not to B's, and it is B's interest, and not yours that I am pursuing.   I shall take B's title and not yours, for you have none, and then suffer you to remain as B has done, on the premises, or eject you as I see proper.

Finally, the Court must find that Mrs. Strout has no interest in the land or else it must allow us to sell it ; for if she has any interest, Sawtelle, having furnished the consideration money with which she took it, we are certainly entitled to have it applied on our claim.   The counsel for the Defendants in Error seems to think it important that somewhere in the complaint we aver as a conclusion of law, that after the conveyance to Mrs. Strout there was a beneficial interest in Sawtelle—that thereby Sawtelle became the beneficial owner. We merely say in reply to this that the attorney who drew the complaint was mistaken in his conclusion—that the facts al-

leged in the complaint did not warrant it. Again we say that the answer denies all the allegations in the complaint, except as therein admitted and stated, and then proceeds to admit certain facts about Plaintiffs' judgment, the insolvency of Defendants, &c., and then sets out the very facts pertaining to the premises on which we rely. We do not in the reply deny any of these facts except the homestead claim, and that issue was found for Defendants. We rest our case, then, and claim our relief upon admitted facts that are not, and never have been, (except as to the homestead,) controverted, and upon the law arising upon these facts the Court will determine what are our rights and administer our relief. The question is, what is the real law upon the facts in the case, and not what did either party suppose the law to be when they framed their pleadings.

Points and Authorities of Defendants in Error.

I.—The statute (*sec.* 8, *of chap.* 32, *on page* 382 *of the Public Statutes*) raises no trust in Mrs. Strout, in favor of Plaintiffs in Error, for the following reasons:

1. The trust in favor of creditors arises only when a fraudulent intent exists. The fraudulent intent is a necessary condition to such a trust being raised.

2. The consideration having been paid by Sawtelle, the statute above cited makes the conveyance to Mrs. Strout only *prima facie* frudulent, and throws the burden of proof on the Defendants.

3. The facts found by the Court below fully and conclusively rebut the presumption of fraud, and show conclusively that there was not, and could not, be any fraudulent intent, inasmuch as the Court below finds that the bond for a deed of the lot was taken to Mrs. Sawtelle, for the purpose of making it a homestead for Sawtelle and family; that it was immediately built upon and occupied for that purpose, and that Sawtelle and wife have ever since held and occupied the same as and for their family homestead, and that it was, in fact, their homestead. The Court below also expressly finds there was no fraud. The complaint charges fraud: the answer de-

nies it, and the Court finds all the matters in the pleadings, not found in the decision, untrue.

4. The reason why a conveyance without consideration is fraudulent as to creditors, is because it is an attempt to place property beyond their reach, which otherwise might be resorted to, to pay their debt. *Adams' Equity, p.* 148, *marg.*; *Willard's Eq. Jurip., p.* 237; *Story's Eq. Jurisp., sec.* 366, *et seq.*

It is held, as appears by the above authorities that an assignment of choses in action without consideration, is not fraudulent as against creditors, where they cannot be reached by an execution.

This doctrine applies with infinitely greater force when the property is especially exempt from execution by law, for reasons of public utility.

If Sawtelle had taken the deed to himself, instead of Mrs. Strout, he could have held the lot against all creditors. The conveyance to Mrs. Strout, in trust for him, placed the creditors in no better or worse position. The motive for the act is immaterial. The act itself is innocent, and no one is defrauded because no one is injured.

5. The statute above cited does not give the Plaintiffs any greater rights than they would have without it. It only gives them a new or different remedy.

The Plaintiffs are seeking to collect a debt against Sawtelle, and in order to do so out of this property, they must make it appear that it is beneficially his, and when that appears, the fact that it is his homestead defeats them.

II.—The position taken by the Plaintiffs' counsel, that Sawtelle has no interest in the property, is a departure from the complaint and in direct conflict with it.

III.—The trust in this case is not one arising by implication of law. It rests in the express agreement of the parties, and is all the time being performed by Sawtelle's using and enjoying the premises. The trust is, therefore, taken out of the statute of frauds, and is executed by the provisions of *section* 5 *of ch.* 32, *p.* 382 *of the Pub. Stat.*

IV.—*Section 6 of ch.* 61 *on page* 570 *Pub. Stat.*, though absurd in its literal reading seems to have been intended to pro-

tect the homestead when the legal title was not vested in the claimant.

V.—By the statute of March 10th, 1860, (*see session Laws of* 1860, *p.* 286) Sawtelle might, in the fall of 1861, when the consideration was paid, have taken a deed to himself, and immediately have conveyed the property to Mrs. Strout, free from the lien of the Plaintiffs' judgment.

There is no reason why he could not do directly by a deed from Mrs. Mathews to Mrs. Strout what he might have done indirectly.

GEORGE L. OTIS, Counsel for Plaintiffs in Error.

BOND & CLARK, Counsel for Defendants in Error.

*By the Court.*—ATWATER, J.—The first question to be determined under the facts presented by this case is, what estate Mrs. Strout took in the premises in question, by virtue of the conveyance from Mrs. Mathews to her. It appears that N. H. Sawtelle paid the consideration money, and directed the conveyance to be made to his mother-in-law, Mrs. Strout. *Sec. 5 of chap.* 32. *Comp. Stat.*, 382, provides, "that every disposition of lands, whether by deed or devise, hereafter made, except as otherwise provided in this chapter, shall be made directly to the person in whom the right to the possession and profits shall be intended to be vested, and not to any other, or to the use of, or in trust for such person; and if made to one or more persons in trust for, or to the use of another, no estate or interest, legal or equitable, shall vest in the trustee."

Section 7 of the same chapter provides that when a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section."

These provisions are so plain and explicit that no possible doubt can be entertained as to their meaning, scope, and the

intention of the legislature in enacting them.   That intention was to vest the entire interest in premises conveyed under the conditions mentioned, in the alienee, so  that the person paying the consideration should have. no  estate whatever, legal or equitable, in the premises.   And herein the statute has changed the rule at common law, which recognized a trust in favor of the person who paid the consideration, when the conveyance was to another.   It cuts up the old system root and branch, and leaves the grantee sole owner. of  the  premises, with the right to the entire control of the same,  subject only to the claims of creditors in certain circumstances.   And this, irrespective of the motive with which, or the object for which the conveyance was made and  accepted.   The  law has not declared that no trust shall result to  the person  paying  the consideration, when the transaction is proved fraudulent,  but in no circumstances whatever shall he claim an interest in the premises.   The common law rule was found to work great injustice, this method of  conveying land being often used as a cover for fraudulent transactions, and  the  whole system has been abolished by  these  statutes,  which  have, in substance, been adopted in many of the States.   And under them, I cannot see how the person paying the consideration can be heard in any court of law or equity,  claiming its aid to  enforce or protect any pretended  rights in  the premises, of whatsoever nature they may be.

It is true the  complaint  avers that "the  said N. H. Sawtelle owns the whole beneficial interest therein (the premises conveyed to Mrs. Strout,) and took title to said premises in the name of Clarissa B. Strout."  For what purpose this allegation was made does not appear.   I cannot see that it is in anywise essential to the Plaintiff's right of action ; nor is it true as a proposition of law.  Nor does it acquire any additional weight or importance from the circumstance that the allegation has been admitted in the answer and found as a fact by the Court. It can only mean that there was an agreement or understanding between Sawtelle and Mrs. Strout, that the latter should hold the legal title, and the former  enjoy the use and possession.   If such  agreement existed  between the parties, it was simply void.   The law does not allow property to be held and

used in that way.   As matter of law it was not true that Sawtelle held the beneficial interest in or the legal title to the property.  Mrs. Strout held both.   No person, unless a creditor of N. H. Sawtelle, could molest Mrs. Strout in the use and enjoyment of the premises.  Neither the allegation or finding can affect the rule of law to be applied to the facts as disclosed by the case.

We find then Mrs. Strout owning certain property, having paid no consideration for the same, which the Plaintiffs seek to make liable to their judgment against Sawtelle, who has paid the consideration.   Sec. 8 of the chapter above cited provides that, " every such conveyance shall be presumed fraudulent as against the creditors of the person paying the considera- tion ; and when a fraudulent intent is not disproved, a trust shall result in favor of such creditors to the extent that may be necessary to satisfy their just demands."   In the judg- ment of the law, then, this conveyance is deemed fraudu- lent as against the creditors of the party paying the consid- eration.   The burden of proof is thrown on the grantee in the conveyance to disprove this presumption of law.   As the Court has found there was no fraud, it becomes necessary to inquire whether the facts shown by the record justify this finding.

The evidence from which this finding was made is not be- fore this Court, but we are justified in presuming that the ev- idence was in accordance with the pleading, and that no facts were proved, which are not justified by the issues.   The only allegations in the answer upon which any evidence could be received, having a tendency to disprove the fraudulent intent, were those in relation to the premises being occupied as a homestead by N. H Sawtell and family.    The answer alleges " that afterwards the Defendant, N. H. Sawtelle, entered upon said lot and proceeded to erect a dwelling-house for a family homestead, and that immediately after the erection and con- struction thereof, viz., November 1, 1858, the said Sawtelle and wife went into the occupation and possession of said lot and house, and have, ever since that time, occupied the same as a family homestead."   This allegation is objectionable in form, and if proved as made, would not establish a defense.

It could be of no consequence in what light the Defendant regarded the premises, or that he occupied them *as* a homestead, the question for determination is, whether the facts show that the premises were actually a homestead in the eye of the law. There is afterwards found in the answer, the substantive averment in regard to the premises, that " the same are their family homestead, and have been as well before as since the execution of said deed, and now is so held and occupied by them, and the said Clarissa B. Strout now holds in trust for them as their homestead." This substantive averment is still coupled with a description of the manner in which the premises are occupied by Defendants, Sawtelle and wife, and held by Defendant, Mrs. Strout. If, under the facts disclosed, the premises do not fall within the description of property exempt by law as a homestead, any evidence touching the manner in which the premises were occupied by Sawtelle, or held by Mrs. Strout, could have no tendency to disprove the fraud which is presumed by law.

That these premises in fact were not and could not be the homestead of the Defendant, Sawtelle, under the facts stated and admitted by the pleadings, I think evident from an examination of the provisions of the Homestead Acts. By the act of 1858 (*Comp. Stat.*, 569,) it is provided " that a homestead consisting of any quantity of land, not exceeding eighty acres, and the dwelling-house thereon, and its appurtenances, to be selected by the owner thereof, and not included in any incorporated town, city or village, or instead thereof, at the option of the owner, a quantity of land not exceeding in amount one lot, &c., owned and occupied by any resident of this State, shall not be subject to attachment," &c. This act is explicit, that the property, in order to be exempt, must be *owned* as well as occupied, and is to be selected by the owner. It is the owner of property who can plead the defence of exemption, and he must plead it in his own behalf and not for another. The Defendant, Sawtelle, cannot interpose this plea in regard to the premises in question ; for, as has been seen, he does not own them, nor has he any interest of any kind whatever in them. Mrs. Strout cannot plead the act, for she does not pretend that she occupies the premises as a home-

stead. And as the premises were not and could not, legally, be the homestead of Sawtelle, any evidence touching his occupation of them for that purpose, was irrelevant and immaterial, and did not disprove the fraud which the law presumes in such conveyance as against creditors.    '

It is urged by Defendant in Error, that the reason why a conveyance without consideration is fraudulent as to creditors, is because it is an attempt to place property beyond their reach, which otherwise might be resorted to to pay their debt; and that an assignment of choses in action without conside. ration, is not fraudulent as against creditors, where they cannot be reached by an execution. That this doctrine obtained, and perhaps now obtains in England, is probably true, but I think the authorities cited show that it has not been adopted in this country. And Mr. Willard says, (*Eq. Jur.,* 238,) that, "as the reasons on which the English courts have declined interfering in favor of the creditor, with respect to property not liable to be seized under an execution at common law, do not exist in this State ; and as the right of the creditor to reach the debtor's choses in action, either by his execution directly, or by the aid of the equitable powers of the Court, is perfect, it would seem that a fraudulent conveyance of choses in action should stand on the same footing as a fraudulent assignment of any other property." It is true, indeed, that if the premises were actually the homestead of Sawtelle, his creditors could not reach them either by execution or the aid of a court of equity, and the reason he urges against, or in disproof of the fraudulent presumption, might have weight, if he is in a position to urge it.    '

But in my judgment, the whole argument of the Defendant in Error rests upon a false theory, and is not based upon or sustained by the facts in the case. Sawtelle has chosen to place himself in a position, in making this conveyance, in which the law regards him as a fraudulent grantor as against his creditors, and in which the law does not permit him to be heard to refute that presumption, since he has no interest in the property. Mrs. Strout, having the entire interest as against all the world, save the creditors of Sawtelle, she is the only party to interpose a defense against their claims. She

has shown no equity superior or equal to that of the creditors of Sawtelle, and it would be unjust to permit her to enjoy the use of that property or permit her creditors to seize it on execution against her, to the exclusion of the creditors of the party who has paid the consideration for the property. In equity it is considered that the property has been purchased with the money of these creditors, and they have the first claim upon it, for the satisfaction of their debt. The conveyance, in fact, amounted to nothing else than a gift of the property by Sawtelle to Mrs. Strout, and though a man may dispose of his *own* property as he sees fit, he will not thus be permitted to dispose of the property of his creditors, against their objection, he being insolvent. I cannot see how these conclusions can be avoided, except upon the ground that a person may make a conveyance of real estate, and establish such a trust as is set up in the answer. I think this is forbidden by the statute, and that courts have uniformly refused to sustain such a trust on like statutes (*Garfield vs. Hatmaker*, 1 *Smith, N. Y., Ct. Ap.* 475; *Wood vs. Robertson*, 8 *Smith*, 564, *Wentworth vs. Wentworth*, 2 *Minn.*, 283). Upon the admitted facts, the Plaintiffs were entitled to judgment upon the pleadings as there was no material issue to be tried.

The judgment below should be reversed and judgment rendered for Plaintiffs in Error.