Nelson, D. J.
The original suit was brought to set aside a deed executed by Julinah P. Atwater to John D. Seely, Jr., dated April 19,1875. The bill contains a prayer, also, that certain real estate therein described be partitioned among the owners, or sold and the proceeds distributed according to the interest of the parties as alleged therein. A cross-bill is filed by the defendants, Seely and others, and affirmative relief prayed. The cases have been fully presented and argued upon the pleadings and proofs.
The controversy involves the title to real estate claimed by the complainants in the original suit, as heirs at law of Josephine Seely, and by the defendant John D. Seely, as the heir at law of her husband, John D. Seely, Jr.; the other defendant, Norman G. Seely, being administrator of his estate.
The testimony is voluminous, and discloses a very bitter feeling on both sides.
The following facts are established by the proofs, and I so find: On August 12,1873, John D. Seely, Jr., and Josephine, his wife, were in possession and seized in fee of the north-west quarter of section fourteen, (14,) township one hundred and seven, (107,) range twenty-one (21) west, situated in the county of Steele, Minnesota, and on that day, by warranty deed, they conveyed these premises to Julinah P. Atwater, a sister of Josephine Seely, for the consideration expressed in the deed of $6,000, when in fact no consideration was paid at the time of the conveyance, or ever has been, but the deed was executed and delivered from apprehension of a slander suit against John D. Seely, Jr., by one Prisley, and to prevent a lien of any judgment obtained in that suit. I also find that John D. Seely, Jr., made an attempt to create a secret trust for his benefit; and I further find that on October 14, 1873, Julinah P. Atwater, at-, in the state of New York, by a quitclaim deed of the real estate above described, executed in accordance with the laws of the state of New York, conveyed the real estate in controversy to Josephine Seely, and the deed was delivered to and received by her, but was not so executed as to admit it .to record according to the laws of Minnesota then existing, for the reason that there were no *135 witnesses to the signature of the grantor; that this deed remained in the possession of Josephine Seely and her husband after its delivery, and no effort was made to have any correction in the form of the same, or demand made for a deed to be executed in conformity with the laws of Minnesota, until after the death of Josephine Seely, which occurred April 14, 1875, when, upon the request of John D. Seely, Jr., a warranty deed was executed and delivered by her to him of the same premises, April 19, 1875, without any consideration passing therefor, which deed was recorded September 6, 1875, after the death of John D. Seely, Jr., occurring in July, 1875.
I find that John D. Seely, Jr., and Josephine, his wife, left no issue by their marriage.
I also find that an act was passed by the legislature of the state of Minnesota, approved February 28,1877, as follows: “Be it enacted—
“Section 1. That all conveyances of real estate in this state, or of any interest in such real estate heretofore executed in any state or territory of the United States, if executed and acknowledged according to the laws of such other state or territory, are hereby legalized and made valid, and may be recorded to the same extent and for the same purposes as though the same had been executed in accordance with the laws of this state: Provided, that before such conveyance shall be entitled to record the party presenting such conveyance for record shall also present for record the certificate of the clerk, or other proper certifying officer, of a court of record of the county or district within which such acknowledgment was.taken, under the seal of his office, that the person whose name is subscribed to the certificate of acknowledgment was, at the date thereof, such officer as he is therein represented to be, and that he believes the signature of such person subscribed thereto to be genuine, and that the conveyance is executed according to the laws of such state, territory, or district ; and all such conveyances are hereby declared to be legal, and valid, and effectual, to all intents and purposes, and the record thereof shall have the same effect as in other cases authorized by law: Provided, however, that nothing herein *136 contained shall, in any manner, affect the rights or title of any bona fide purchaser, without notice, for a valuable consideration, of any such real estate prior to the passage of this act.”
On July 4, 1877, the quitclaim deed from Julinah P. At-water to Josephine Seely, dated October 14,1873, was filed for record in the office of the register of deeds of Steele county, aforesaid, and duly recorded.
CONCLUSIONS.
The deed executed August 12, 1873, by John D. Seely, Jr., and Josephine, his wife, to Julinah P. Atwater, conveyed and passed the legal title of the real estate therein described, subject only to the rights of the creditors of John I). Seely, Jr.; and Julinah P. Atwater, by virtue of this deed, had full control over the real estate, and could dispose of it in such manner and to whom she pleased, the grantee taking by any conveyance from her the title subject to the rights of the creditors aforesaid. 1 Story Eq. Jur. § 61, note, 371, 428; 8 Minn. 309; 12 Minn. 60, 67, and cases cited; 2 Sug. Vendors, 436, and authorities.
The quitclaim deed from Julinah P. Atwater to Josephine Seely, executed October 14,1873, and delivered, was a nullity as a deed, and did not convey the legal title, but did pass all of her equitable interest.
The act of the legislature approved February 28,1877, is a “healing statute,” and cured all defects in the deed which prevented its record, and after its passage the deed was entitled to be recorded in the register’s office of Steele county.
This act of the legislature is remedial in its character, and the deed, when recorded, conveyed the legal title to the real estate, unless vested rights of third persons intervened.
The “healing statute” was confined to validating acts which the legislature might have authorized previous to the execution of the deed, and divested legal rights in a case where the equitable rights were superior, and both did not concur in the same person. Such legislation is constitutional and valid. The legal rights affected by the statute were deemed to have *137 been vested, subject to the equity existing against them, which the statute recognized and enforced. 1 Kent (6th Ed.) 455-56; Cooley Const. Lim. 357, 371-77. The heir has no rights superior to those conferred upon John D. Seely, Jr., by virtue of the deed executed and delivered April 19, 1875, and recorded September 6,1875. He succeeded, on John D. Seely, Jr.’s death, to such interest in the real estate as the Latter had at the time of his death, and such only. This interest or title in the heir was subject to the equity created by the conveyance from Julinah P. Atwater to Josephine Seely, dated October 14, 1873, and he took the title cum onore. 2 Peters, 380; 8 Peters, 108; 13 Mich. 217; 11 Minn. 439; 23 Minn. 84.-
By the deed to John D. Seely, Jr., executed April 19, 1875, Julinah P. Atwater conveyed all the interest in the real estate which she became possessed of as one of the heirs of Josephine Seely, and she has parted with all her right, title and interest in the same, and it cannot be recovered by these complainants. They are, however, entitled to the relief demanded, with this exception, and to the possession of two-thirds of the real estate, less the interest of Julinah P. Atwater, as one of the heirs of Josephine Seely, and a decree is ordered in conformity with this opinion.
The matter is referred to H. E. Mann, master in chancery, to take an account as prayed for, and also report to the court the condition and situation of the property, so that it can determine whether the real estate should be partitioned among the parties entitled thereto, or sold and the proceeds divided.
The cross-bill is dismissed.