STATE OF MINNESOTA *ex rel.* William H. Colter *vs.* WALTER T. BURR.

May 20, 1881.

**Mandamus—Jurisdiction of Supreme Court.**—The act of March 7, 1881, (Laws 1881, *c.* 40,) amending Gen. St. 1878, *c.* 80, § 13, takes from the supreme court original jurisdiction in *mandamus*, except in cases then pending, and cases where the writ is to be directed to a district court, or a judge thereof in his official capacity.

*Mandamus*, directed to the judge of the municipal court of St. Paul.

*Edwin Gribble*, for relator.

*R. B. Galusha*, for respondent.

GILFILLAN, C. J.†    This is an application, by order issued March 18, 1881, requiring respondent to show cause why a peremptory writ of *mandamus* shall not issue, commanding him to perform certain

---

*Cornell, J., on account of illness, took no part in this case.

†Cornell, J., because of illness, took no part in the decision of this case.

acts as judge of the municipal court of the city of St. Paul. We are met, at the outset, with the question, is not the jurisdiction of this court in cases of *mandamus*, except where it is to issue to the district court, or judge thereof, taken away by the act of March 7, 1881 (Laws 1881, *c.* 40)? To determine this question, we need not go back in the history of legislation on the subject beyond the General Statutes of 1866, except to say that, prior to that time, while the court had jurisdiction to issue peremptory writs of *mandamus*, it could not, because of the right of trial by jury given in such cases, and of the constitutional inhibition of that mode of trial in this court, proceed by alternative writ. *Harkins* v. *Supervisors of Scott Co.*, 2 Minn. 294, (342.) The court did in such cases, however, continue to proceed by order to show cause why a peremptory writ should not issue. *Crowell* v. *Lambert*, 10 Minn. 295, (369.)

But the General Statutes of 1866, *c.* 80, § 12, made the original jurisdiction of the district courts, in all cases of *mandamus*, exclusive, except where the writ was to be directed to the district court, or a judge thereof in his official capacity. The act of March 5, 1869, (Laws, 1869, *c.* 79,) gave this court original concurrent jurisdiction with the district courts in all cases of *mandamus*. This act is section 13, chapter 80, Gen. St. 1878. Section 1, chapter 63, Gen. St. 1866, gave in terms this court power to issue writs of error, *certiorari, mandamus*, etc., to all courts of inferior jurisdiction, to corporations, and to individuals. This power, so far as related to *mandamus*, was of course limited by the provisions of Gen. St. 1866, *c.* 80, § 12, to writs to be directed to a district court or a judge thereof. Notwithstanding the general language of Gen. St. 1866, *c.* 63, § 1, the court had no jurisdiction, except that mentioned in section 12, chapter 80, until the act of 1869 conferred on the court original jurisdiction in all cases. After 1869, the jurisdiction of this court, in all cases except where the writ was to be directed to a district court or a judge thereof, rested on the act of that year, and not on section 1, chapter 63.

In 1876, (Laws 1876, *c.* 58,) section 1, of chapter 63, was amended by inserting in it the words *quo warranto*, in enumerating the writs which the court might issue, and adding provisions that the court

shall be always open for the issuance, return and hearing of the writs mentioned, and regulations as to the issuance and return thereof. Except in respect to *quo warranto*, the jurisdiction of the court was not affected, and was not intended to be affected, by the amendment. It was not intended thereby to create or vest in this court original jurisdiction of cases of *mandamus*, for the court already possessed such jurisdiction to the full extent, under and by virtue of section 13, chapter 80. The evident purpose of the act was to give the court jurisdiction of *quo warranto*, and to regulate, to some extent, the proceedings in that and other writs of which the court had jurisdiction.

The act of March 7, 1881, is in terms an amendment of section 13, chapter 80, "so as to read as follows." The section, as so amended, is not only in language, but in substance, wholly and throughout different from the original section. Not a single provision of the old section is retained. The amendment was, in effect, an entire repeal of the original section, and the enactment of new provisions in the place of those repealed. This repeal of the act upon which the original jurisdiction of this court had rested, would probably be sufficient, notwithstanding the act of 1876, to take away the jurisdiction, except as given by section 12, chapter 80. But the amendment itself furnishes evidence, aside from its repeal of section 13, of an intent to deprive this court of jurisdiction in future cases, and of the understanding of the legislature that it has that effect; for, after giving the right of trial by jury at the request of either party, upon issues of fact, in cases of *mandamus* in the supreme court and district courts, there is the proviso: "*Provided*, always, that, except as aforesaid, nothing in this act contained shall be construed so as to divest the supreme court of jurisdiction to hear and finally determine any and all such suits or proceedings now pending in said court." This saving clause was entirely unnecessary, except on the theory that, without it, the jurisdiction even of pending cases would be lost. Also, the amendment contained provisions for this court, in pending cases, transmitting the record to the district court, if there is an issue of fact and a demand for a jury trial; but there is no such provision except as to pending cases—cases in which, as we have

seen, the jurisdiction of this court is expressly saved by the proviso. When the legislature gave the right of trial by jury in all cases, if requested,—a mode of trial which cannot be had in this court,—why did it confine the provision for securing that mode of trial, in cases in this court, to those already pending? Why was there no provision for future cases in this court? The answer is obvious: there were to be no future cases in this court under section 13, and there was, consequently, no necessity for such provision. We therefore hold that the act of 1881 takes away the original jurisdiction of this court, in cases of *mandamus*, except in those pending at its passage, and those mentioned in section 12.

Order to show cause discharged.

---

| 28 | 43 |
|----|-----|
| 42 | 369 |

| 28 | 43 |
|----|-----|
| 73 | 52 |

*Cornell, J.; because of illness, took no part in this case.