LEWIS H. KELLY vs. GEORGE W. BAKER, et al.

Without reference to the amendment of 1860, our statute exempts as a homestead a quantity of land not exceeding one lot in any incorporated city, and no restriction is placed upon the uses of any part of it, provided it is the dwelling place of the claimant.

The facts in this case as they appear from the admissions in the pleadings and the stipulation of the parties, are substantially as follows : The plaintiff was owner of a certain lot of land in the city of Rochester, on which prior to January 1, 1861, he had erected a brick building, two stories high, with basement. The front part of the building was built and rented and used for a store, and was adapted to such use; the second story of the front part was used as a printing and job office by a company of which plaintiff was a member, and by the plaintiff (who is a physician,) for his office ; the basement under the front of the building was also rented, a part of it in connection with the store and the other part usually for pork packing; in this part at the time of the levy hereinafter mentioned the plaintiff had some articles stored. The rear part of the building was fitted up for and used by the plaintiff as his dwelling house, having one entrance through a hall in the rear of store, and connected with it by a door, and one from the rear of the building; the building is situated on a corner with an alley in the rear. The defendant Baker was Sheriff of Olmsted

Kelly v. Baker et al.

County, at the time of the levy and sale hereinafter mentioned. A portion of the other defendants are judgment creditors· of the plaintiff, and sued out executions upon their respective judgments, under and by virtue of which the said Sheriff duly levied upon and sold to Charles C. Willson, also a defendant, the land upon which the said front part of said building was situated with the appurtenances.   The judgments upon which said executions were issued were docketed in Olmsted county, one May 14, 1861, the other March 8, 1861, and the executions were issued May 14th, 1861.   After the levy the plaintiff duly notified the said Sheriff in writing that he claimed the whole of said lot as his homestead. This action was brought to cancel the certificate issued on said sale, declare the sale void, and enjoin the said Sheriff from execu-, ting a deed thereunder.

The cause was tried at the District Court in Olmsted county, upon the pleadings and stipulations of the parties without a jury. The Court found in favor of the plaintiff, and a judgment was entered adjudging the said levy and sale void; that the said certificate be cancelled, and the said Sheriff be enjoined from executing a deed of the premises under said sale, &c.   The defendants appealed from this judgment to this Court.

CHARLES C. WILLSON for Appellants.


J. A. LEONARD for Respondent.


*By the Court*—BERRY, J.—Our statutes relating to homestead exemption are so indefinite, loose and obscure that it is difficult to put any construction upon them which is not open to criticism and objection.   Under the last clause of *Sec. 12, in Art. 1 of the Constitution*, it is made the duty of the Legislature to provide by law for the exemption of a reasonable amount of property from seizure or sale for the payment of any debt or liability, and in this case no question is made as to the constitutionality of the law.   Certainly there is nothing in the constitutional provision referred to which required the Legislature to impose any particular condition

or mode of occupancy, actual possession or personal use upon the right to hold property, real or personal, exempt from forced sale on process of law.    There is nothing which forbids the exemption of real property, save upon the condition that it be wholly and exclusively occupied by the debtor as a place of abode for himself and family; and the amendatory act of 1860, by which the owner of a homestead is permitted to remove from the same, or sell and convey it without forfeiting his privilege of exemption, shows conclusively that this view has been adopted as well as acted upon by the Legislature itself.    Homestead in its ordinary signification conveys the idea of the place of residence or dwelling of its owner, and in that sense it seems to have been used in the act of 1858 now in force.    *Folsom vs. Carli*, 5 *Minn.*, 333; *Tillotson vs. Millard*, 7 *Id.*, 318.    But it includes not only the ground upon which the dwelling house rests but more; and how much more it may include in this State for the purposes of exemption, the statute defines.    And where as in the case at bar the property lies within the limits of an incorporated city, it is provided that a homestead *consisting* of a quantity of land not exceeding in amount one lot, &c., shall not be subject to levy, &c.; and the owner has the right of selection, so that provided he confines himself to a compact quantity not exceeding *in amount* one lot, he can exercise an option as to the shape of the land which he desires to claim as his homestead.    Even if there should be any doubt as to his right to make this selection under *Section* 92, *p*. 569, *Pub. Statutes*, it is clearly recognized in *Sections* 94 and 95 of the same chapter.    It is unnecessary for us to determine what constitutes a lot within the meaning of the statute, as no point is made on that question in this case.    We think he has a right to select the full quantity of land for the exemption of which the law provides.    For in the first place one of the elements of which a homestead is made to *consist* by statute, is a quantity of land not exceeding 80 acres, or one lot as the case may be, to be selected by the debtor.    In the second place by *Sec*. 94, the householder is authorized to notify the officer making a levy "*of what he regards as his homestead, with* a description thereof *within the limits above described*, and *the*

Kelly v. Baker et al.

*remainder alone* shall be subject to sale under such levy." In the third place by *Sec.* 95 it is further provided, that if the plaintiff in execution is dissatisfied with the quantity selected by the owner, the levying officer must set off the *amount specified* in *Sec.* 92. In the fourth place by *Sec.* 96, after setting off said amount the officer is required to sell only the property *not included in the set off*, and to *except the quantity set off* from his deed of conveyance. And finally it is to be observed that no limitations were imposed by the Legislature upon the use which should be made of the homestead of 80 acres, or of one lot provided only it was the dwelling place of the party claiming the exemption. As to the balance, beyond what was required for the site of his house, the claimant seems to have been left free to allow it to remain unenclosed, unimproved, vacant and idle, or to devote it to any use which he might choose. A different view of the question presented here has been taken in *Casselman vs. Packard*, 16 *Wis.*, 115 ; but if the statute of Wisconsin be like ours, the reasoning of the Court in that case is not satisfactory to us. The amendatory act of 1860, by which a claimant was authorized to remove from or sell his homestead, was referred to on the argument of this cause, but we perceive no necessity for construing it at this time. In our view of the law the respondent was entitled to claim the whole tract described in his notice, including the part levied on, and as no objection is made to the form of his notice to the officer, we think the sale was unauthorized.

With the justice or policy of the exemption law we have nothing to do, and if it should be thought that the statute under our construction is calculated to do injustice, there is another department of the State government which can apply a remedy.

The judgment of the District Court is affirmed.