JOHN KRESIN

*vs.*

FRED. DAVID MAU.

1. To sustain the claim of the owner of land to hold the same as a homestead exempt from forced sale, his residence or dwelling must be or must have been situated thereon.

2. A person residing upon one parcel of land, and owning a second parcel upon which he has never dwelt, and which corners upon the first, but does not otherwise adjoin it, cannot hold such second parcel exempt as a homestead.

This action was brought in the district court for Carver county, to determine an adverse claim of the defendant upon certain real estate. (See diagram in the opinion of the court.) The plaintiff owned and cultivated the land described in the diagram as the "E ¼ of S. W. ¼ of section 32," but never resided thereon, and upon which there has never been a building of any description. Plaintiff's dwelling house is upon the "S. W. ¼ of N. W. ¼ of section 33," which he owned and occupied. The first described parcel of land was levied upon and sold upon execution, and the defendant purchased the same at the sale, and the usual certificate was issued to him, and duly filed and recorded. The plaintiff claimed that the land sold was a portion of his homestead, and asked that the certificate of sale be set aside and cancelled, &c. The cause was tried by the court, without a jury, and judgment rendered in favor of defendant, and plaintiff appeals to this court.

BAXTER & SARGENT for Appellant.

WARNER & PECK for Respondent.

*By the Court.*—BERRY J.—The plaintiff is owner in fee of the east fourth of the south-east quarter of section 32, T. 116, R. 25, and has a portion of the same under cultivation. He has never resided on said tract, nor at any time had any dwelling or other building thereon, but resides upon the south-west quarter of the north-west quarter of section thirty-three, in said town and range. The relative position of the two parcels is shown by the following diagram :

Kresin v. Mau.

The only question in the case is, whether the plaintiff is entitled to claim the tract first described as a homestead exempt from sale on execution. A homestead, as the word was used in the statute prior to the act of 1860, found on *page* 499, *Gen. Stat.*, has been defined by this court to be the place of residence or dwelling of its owner. *Kelly vs. Baker*, 10 *Minn.*, 156, *and cases cited.* The act of 1860 provided that, "the owner of a homestead under the laws of this state may remove therefrom, * * * and such removal * * * shall not render such homestead liable or subject to forced sale on execution." It is contended that the act of 1860, permits the owner of land to hold it exempt as a homestead without ever having resided upon it. But the phraseology of the act excludes this construction. The words "the owner of a *homestead* under the laws of this state may *remove therefrom*," can only apply to a person who *has dwelt* upon the homestead. In order then to sustain the claim of the owner of land to hold the same as a homestead exempt from forced sale, his residence or dwelling must be, or must have been, situated thereon. As will appear from the diagram above, the plaintiff's dwelling was situated upon a tract of land which cornered upon the land in controversy, but did not otherwise adjoin

it. Then the inquiry is, whether the two tracts can be regarded as one body of land, so that a residence upon one, could be treated as residence upon both. This question must, we think, be answered in the negative. Two tracts of land mutually touching only at a common corner—a mere point—cannot, according to any ordinary or authorized use of language, be spoken of as constituting one body or tract of land. We are therefore of opinion that the tract in controversy cannot be held to be the plaintiff's homestead.

*See Banker vs. Locke,* 15 *Wis.,* 635; *see also Lester's Land Laws,* 360, as to the analogous construction which has been put upon acts of Congress relating to the entry of public lands. Judgment affirmed.