Valentine, J.
The only question involved in this case is whether a debtor can, under any circumstances, hold as a homestead, under *204 the homestead exemption laws, two or more lots or pieces or parcels of land situated within an incorporated town or city, when such'lots, pieces, or parcels of land are separated by an alley. We must answer this question in the negative. A homestead must consist of only one tract or body of land. Bunker v. Locke, 15 Wis. 638; True v. Morrill, 28 Vt. 672; Walters v. People, 18 Ill. 194; Kresin v. Mann, 15 Minn. 116, (Gil. 87.) Such, we think, is the obvious meaning of the’constitution. The language of the constitution is that “a homestead, to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, shall be exempted from forced sale, under any process of law,” etc. Const, art. 15, § 9. The language, “'one acre [of land] within an incorporated town or city, occupied as ■a residence by thejamilyof the owner,” certainly does not mean to include various tracts of land scattered through an incorporated town or city amounting in the aggregate to no more than one acre; and the word “ homestead ” itself seems to mean the particular place occupied by the family of the owner as a home, and not to mean various tracts of land wholly detached from the homestead, although they may be used by the owner of the homestead.
In this state the fee of all streets, alleys, and other public *grounds which have been dedicated to the use of the public by the proprietor of any town or city is vested in the county in which such streets, alleys, or other public grounds are situated, and not in the abutting or adjacent lot-owners. Comp. Laws, 119, §§ 1, 6; Franklin Co. v. Lathrop, 9 Kan. *453, *461, *462; Atchison & N. R. Co. v. Garside, 10 Kan. *552. An abutting lot-owner has no more or greater legal right to the alley than any other person has. He does not own the ultimate fee to the alley, nor can he use the same except as an alley. He has no right to use it as a part of his homestead. If the abutting lot-owner were the owner of the fee, and the public had merely an easement over the alley, then we should think that the abutting lot-owner would have the right to extend his homestead on both sides of the alley; for then his homestead would in law be composed of only one tract or body of land. Two or more lots or pieces or parcels of land may, when adjoining, and when united, constitute only one tract or body of land. Therefore a homestead may consist of several lots or pieces or parcels of land, provided they all adjoin each other, for then they are in fact but one tract or body of land. We do not think that it is necessary that all these lots or pieces or parcels of land should be held by an absolute title in fee-simple, or by the same title, or even by the same kind of title, in order that they may all constitute but one homestead; but we think it is necessary that they all be held by some kind of title or interest different from that which the whole public may have in the property. An easement may be created upon or through the land— such as a common road, a railroad, or a water privilege — without in *205 any manner affecting its character as a homestead; for in such a case the owner of the land still owns the fee to that portion of the land over which the easement is created, as well as to the rest of the land. Yet, whenever several lots or pieces or parcels of land claimed to be held and occupied as a homestead are not contiguous, but are separated by lands in which the person claiming the homestead has no title or interest, as by lands owned by another, or by a street, alley, or other public ground in a town or city, such several lots or pieces or parcels of land cannot be included in or constitute one and the same homestead. The alley in this case was twenty feet wide. But upon principle, we suppose, it can make no difference whether it were twenty feet, or twenty rods, or any greater or less distance. If a resident of a town or city could hold a lot across an alley for a stable, as part of his homestead, why could he not hold it across a street, or across a block, or across many blocks ? and why could not a person residing on a five- or ten acre lot, just outside of the city, hold one hundred and fifty acres of land one mile, fifty miles, or a hundred miles away from his actual residence, from which to get his hay, corn, and other farm produce ? The resident of the town or city could have no more right to fence up the alley than the resident of the country would to fence up all the country intervening between his actual residence and the tract of land he might own a hundred miles away. If separate lots or pieces or parcels of land, not contiguous to each other, can be held at all as a homestead, where can any limit as to the distance which may intervene between them be fixed? The boundaries of a town or.city, for a resident within such town or city, and the boundaries of a state for a resident in the country, would be the only limits which could be fixed in such a case.
There is another question raised in this case. The plaintiff purchased all of the lots now claimed as a homestead after the towm (now city) was laid out and platted, but before the plat was recorded. The proprietors of the town, from whom the plaintiff purchased the lots, agreed at the time of the purchase that he might fence up the intervening alley; but there is no pretense that said proprietors ever sold the alley to the plaintiff, or that he ever purchased the same from them; and although the proprietors afterward executed to him a deed for the lots, they never executed a deed to him for the alley, and it was never understood or expected that they should do so. The *said agreement of the proprietors was therefore, at most, only a parol license, and gave no right, title, or interest to the plaintiff in or to the alley; and therefore said agreement, and the subsequent possession by the plaintiff, cannot affect any of the other questions involved in this case. The plaintiff after his purchase, and before said plat was recorded, took possession of the lots and the intervening alley, inclosed the same with a fence, built a house and stable thereon, — the house on one side of the alley and the stable on the *206 •other, — and has occupied said lots and the intervening alley as a homestead ever since. The plat of said town was filed for record with the register of deeds before the said deed to the plaintiff was exe•cuted. This is a hard case. The plaintiff ought to have the lots on both sides of the alley for his homestead, and if it were not for the rigid and inflexible rules of law we would be glad to give them to him. But the law is against him, and we are bound to follow the law.
The judgment of the court below is affirmed.
(All the justices concurring.)
NOTE.
Purchase with view to occupancy, Monroe v. May, 9 Kan. 318; alienation of, Helm v. Helm, 11 Kan. *21; wife’s interest, Jenness v. Cutler, post, *516; lien on, Andrews v. Alcorn, 13 Kan. *360; evidence, Anderson v. Kent, 14 Kan. *207; equitable title, Tarrant v. Swain, 15 Kan. *146; Moore v. Reaves, 15 Kan. *150; occupation essential, Swenson v. Kiehl, 21 Kan. 533; several buildings, not exempt as, Ashton v. Ingle, 20 Kan. 670; abandonment of, Hixon v. George, 18 Kan. 253; Fessler v. Haas, 19 Kan. 216; Savings Bank v. Wheeler, 20 Kan. 630; sale before .abandonment, Dayton v. Donart, 22 Kan. 256; liens for purchase money, Ayres v. Probosco, 14 Kan. 177; Nichols v. Overacker, 16 Kan. 54; for improvements, Hurd v. Hixon, 27 Kan. 722; constructive use, Morrissey v. Donohue, 32 Kan. 646; S. C. 5 Pac. Rep. 27; conveyance of, Bank v. Warner. 22 Kan. 537; Galton v. Tolley, Id. 678; Chambers v. Cox, 23 Kan. 393; Coughlin v. Coughlin, 26 Kan. 116; Koons v. Rittenhouse, 28 Kan. 359; Ott v. Sprague, 27 Kan. 620. See Dollman v. Harris, 5 Kan. 363; Morris v. Ward, Id. 141, and note. Proceeds of sale of, Smith v. Gore, 23 Kan. 488; leasehold estate, Hogan v. Manners, 23 Kan. 551; public mill, Mouriquand v. Hart, 22 Kan. 594.
Mortgage — release of exemption — joinder of wife, Olson v. Nelson, 3 Minn. 53, (Gil. 22;) lien of judgment on homestead — right to enforce, Folsom v. Carli, 5 Minn. 333, (Gil. 264;) residence essential, Id.; Tillotson v. Millard, 7 Minn. 513, (Gil. 419;) claimant must be both occupant and owner, Sumner v. Sawtelle, 8 Minn. 309, (Gil. 272;) use of homestead, Kelley v. Baker, 10 Minn. 154, (Gil. 124;) mortgage of, signed by wife, but not acknowledged, Lawver v. Llingerland, 11 Minn. 447,(Gil. 330;) measured by area, Cogel v. Mickow, 11 Minn. 475,(Gil. 354;) mechanic’s lien. Id.; Coleman v. Ballandi, 22 Minn. 144; grantor in deed fraudulent as to creditors, Piper v. Johnston, 12 Minn. 60, (Gil. 87;) conveyance with intent to defraud, Id.; two pieces of land touching at a corner only cannot be regarded as constituting one piece of land, Kresin v. Man, 15 Minn. 116, (Gil. 87;) undivided portion of land, Ward v. Huhn, 16 Minn. 159, (Gil. 142;) school land — equitable owner, Wilder v. Haughey, 21 Minn. 101; Hartman v. Munch, 21 Minn. 107; contract to convey, Barton v. Drake, 21 Minn. 299; right to sell homestead, Id.; homstead act valid, Cogel v. Mickow, 11 Minn. 475, (Gil. 354;) Barton v. Drake, 21 Minn. 299; specific performance — homestead claim as defense: Brown v. Eaton, 21 Minn. 409; lands purchased by husband — title taken in name of wife, Sumner v. Sawtelle, 8 Minn. 309, (Gil. 272;) Rogers v. McCauley, 22 Minn. 384; homestead discrimination, Coleman v. Ballandi, 22 Minn. 144; incumbrancer — compelling resort to homestead, McArthur v. Martin, 22 Minn. 74; prior attachment, Kelley v. Dill, 23 Minn. 435; mortgage for materials to construct house on — validity, Smith v. Lackor, 23 Minn. 454; waiver of homestead right, Ferguson v. Kumler, 25 Minn. 183; claiming homestead, Id.; transfer of homestead, James v. Wilder, 25 Minn. 305; where part only of a building is occupied as residence, the remainder being let for business purposes, the whole is exempt, Umland v. Holcombe, 26 Minn. 286; S. C. 3 N. W. Rep. 341; a homestead is liable to sale on execution on a judgment docketed and in force when the defendant purchased the premises, and before his occupancy of them as a homestead, Liebetran v. Goodsell, 26 Minn. 417; S. C. 4 N. W. Rep. 813; a conveyance of a homestead though a gift is not voidable by creditors, Morrison v. Abbot, 27 Minn. 116; S. C. 6 N. W. Rep. 455; the sale of a homestead, even with fraudulent intent, does not make it liable to forced sale on execution, Ferguson v. Kumler, 27 Minn. 156; S. C. 6 N. W. Rep. 618; when a homestead actually occupied exceeds the statutory limit, this does not make the whole tract liable to levy, Id.; may consist of an undivided interest in land, Kaser v. Haas, 27 *207 Minn. 406; S. C. 7 N. W. Rep. 824; the decedent occupied as a homestead a tract of land exceeding the statutory limit; widow continued (without objection) possession of the whole, and without selection of any portion: held, she is required tore-pair andpay taxes on whole without resort to personal estate of deceased, Wilson v. Proctor. 28 Minn. 13; S. C. 8 N. W. Rep. 830; effect of alteration of amortgage on a homestead after its execution by the wife, by the insertion of a provision for attorney’s fees — such instrumentheld wholly void, Coles v. Yorks, 28 Minn. 464; S. C. 10 N. W. Rep. 775; conveyance of a homestead by a debtor does not subject it to the ■claims of the creditors, Baldwin v. Rogers, 28 Minn. 544; S. C. 11 N. W. Rep. 77; abandonment and the acquisition of a new homestead destroys the exemption of the old, Donaldson v. Lamprey, 29 Minn. 18; S. C. 11 N. W. Rep. 119; a wife joining-in a mortgage of a homestead relinquishes the homestead right in favor of any judgment creditor of her husband who may redeem under the statute after a foreclosure, Martin v. Sprague, 29 Minn. 53; S. C. 11 N. W. Rep. 143; rights of administrator, widow, heirs, etc., in the proceeds of a policy of insurance on the homestead, taken out by the deceased owner in hislife-time_, the homesteadhaving been burned after his death, and while occupied by his widow, Culbertson v. Cox, 29 Minn. 309; S. C. 13 N. W. Rep. 177; the right of widow or surviving husband to the use of the homestead for life could not be defeated by the will of the deceased owner, but such homestead passed to the heirs or devisees subject to such life-interest., and exempt from sale on execution for the debts of the decedent or the survivor, Eaton v. Robbins, 29 Minn. 327; S. C. 13 N. W. Rep. 143; a complaint in ejectment not disclosing the ground of plaintiff’s title, the defendant, under a gen■eral denial, may show that an execution sale relied on in the proofs was void because theland was a homestead, Kipp v. Bullard, 30 Minn. 84; S. C. 14 N. W. Rep. 364; a farm of 160 acres, on which there was a homestead, was sold on execution as one tract, without any selection or setting apart of the homestead: held, sale void as to whole, Id.; an execution sale as one parcel, for a gross sum, of a homestead and other lands not exempt is void as to all the lands sold, Mohan v. Smith, 30 Minn. 259; S. C. 15 N. W. Rep. 118; an agreement by a homesteader on United States land to convey after final proof for a consideration then to be paid is not void, under laws of United States, Townsend v. Fenton, 30 Minn. 528; S. C. 16 N. W. Rep. 421; interest of surviving husband or wife is not sub j ect to be divested by the will of the deceased owner, Holbrook v. Wightman, 31 Minn. 168; S. C. 17 N. W. Rep. 280; nature of such survivor’s state, and its exemption from the debts of the deceased and the survivor, Calton v. Robbins, 29 Minn. 297; S. C. 13 N. W. Rep. 143; mortgage by husband alone of a block of 12 lots containing an unascertained homestead; in suit to foreclose, the mortgagee may have the homestead ascertained and set off, and the rest of the block sold, Coles v. Yorks, 31 Minn. 213; S. C. 17 N. W. Rep. 341; the husband a part of whose homestead has been taken for public use may dispose of the compensation without his wife’s consent, Canty v. Latterner, 31 Minn. 239; S. C. 17 N. W. Rep. 335; a statutory lien cannot be acquired on a homestead for lumber furnished to build a house on it, Coleman v. Ballandi, 22 Minn. 144; Keller v. Struck, 31 Minn. 446; S. C. 18 N. W. Rep. 280.
Husband may_ devise lands occupied by himself and wife as a homestead to his wife, and as against the heir, who does not occupy the property as a homestead, such •devise will.take effect immediately after death and probate, although it may state that it devises the property after payment of all legal indebtedness, Martindale v. Smith, 1 Pac. Rep. 569; debtor can avail himself of the homestead exemption statute against an indebtedness which has not been reduced to judgment, nor become a statutory lien upon the premises, although allowing him the exemption leaves him insolvent, Barnett v. Knight, 3 Pac. Rep. 747; statute granting a homestead exemption is not in derogation of the common law, and must be liberally construed, Barnett v. Knight, 3 Pac. Rep. 747; trustee’s wife has no homestead rights in real estate held by him as a mere naked trustee, and conveyed to the cestui que trust, such property having never been occupied by him as a family residence, Osborn v. Strachan, 3 Pac. Rep. 767; homestead, what constitutes. Grauge v. Gough, 4 Pac. Rep. 1177; declaration as to value, Read v. Rahm, 4 Pac. Rep. 111; husband as trustee, Hayford v. Kocher, 4 Pac. Rep. 350; abandonment, Porter v. Chapman, 4 Pac. Rep. 237; use of part of tract, Morrissey v. Donohoe, 5 Pac. Rep. 27; contract to convey — wife not a party — recovery of consideration paid, Thimes v. Stumpff, 5 Pac. Rep. 431; form of declaration, Jones v. Waddy, 6 Pac. Rep. 92; partition, Hafer v. Hafer, 6 Pac. Rep. 537; mortgage of, is valid without wife’s signing before witnesses or acknowledging, Godfrey v. Thornton, 1 N. W. Rep. 362; question as to time that homestead right accrued, determined, Darling v. West, 1 N. W. Rep. 531; undivided, only, of certain premises, exempt as home *208 stead, Thompson v. Rogers, 1 N. W. Rep. 68; on landgranted to railroads cannot be held, Chicago, R. I. & P. R. R. v. Grinnell, 1 N. W. Rep. 712; action by Iowa, Homestead Company for recovery on certain notes, Iowa Homestead Co. v. Duncombe, 1 N. W. Rep. 725; by death of child and second marriage of mother her homestead right was lost, Dei v. Habel, 1 N. W. Rep. 964; part of, may be taken by a railroad under the United States highway law, Flint & P. M. Ry. Co. v. Gordon, 2 N. W. Rep. 648; setting off distributive share of surviving husband or wil'ein homestead destroys the right, Burdick Guas v. Kent, 3 N. W. Rep. 643; extent, of surviving husband’s interest in homestead owned by wife in absence of issue, Smith v. Zuckmeyer, 3 N. W. Rep. 782; claim of exemption not being made, the right terminates, Watson v. Melchor, 4 N. W. Rep. 200; failure to plat it does not make-it liable to sale on execution, Aultman & Taylor Co. v. Howe, 4 N. W, Rep. 357;, homestead right does not attach, when, Liebetran v. Goodsell, 4 N. W. Rep. 813;. keeping a hotel does not prevent building being exempt, Harriman v. Queens Ins. Co., 5 N. W. Rep. 12.
In absence of fraud, signature of wife conveys her interest in the homestead;. Edgell v. Hagen, 5 N. W. Rep. 136; failure to plat and record will not render it, liable to a lien, when, Green v. Farrer, 5 N. W. Rep. 557; rights of husband can: be divested, how, Spoon v. Van Fossen, 5 N. W. Rep. 624; mortgage signed by-wife, but to which she is not a party, is not joint, Wilson v. Christopherson, 5 N. W. Rep. 687; widow’s rights in homestead defined, Territory v. Bramble, 5 N. W. Rep. 945: suit to recover homestead by widow and children, Showers v. Robinson, 5 N. W. Rep. 988; claimed in lands owned in common, mortgage of is absolutely void without wife’s signature, Sherrid v. Southwick, 5 N. W. Rep. 1027; wife is head of family, and entitled to homestead, Arnold v. Waltz, 6 N. W. Rep. 40; mortgage on homestead on public lands sustained, Skinner v. Reginck, 6 N. W. Rep. 369; stable, being properly appurtenant to a homestead, is exempt, Wright v. Ditzler, 7 N. W. Rep. 98; contract for conveyance of homestead is not binding; on the wife unless executed by her, Anderson v. Culbert, 7 N. W. Rep. 508; inten-’ tion to occupy other premises as a homestead amounts to an abandonment, Windle v. Brandt, 7 N. W. Rep. 517; homestead, being widow’s distributive share of estate, is not liable to mortgage indebtedness, McGlothlen v. Hite, 7 N. W. Rep. 640; may exist in undivided interest, and debtor may purchase outstanding title, Kaser v. Haas, 7 N. W. Rep. 824; mortgage given for building material takes precedence of homestead right, Fournier v. Fournier, 8 N. W. Rep. 100; homestead, law will be liberally construed to effect its design — this property is exempt, Zimmer v. Pauley, 8 N. W. Rep. 219; sale upon execution of a homestead will be-restrained — head of family may absent himself, Beerkle v. Edwards, 8 N. W. Rep. 341; mortgage of a homestead is invalid for want of proper execution of wife, Esenstadt v. Cramer, 8 N. W. Rep. 427; evidence does not prove that a whole lot in Milwaukee was not a homestead, Hoffman v. Junk, 8 N. W. Rep. 493; may be ■ sold for debts incurred prior to its becoming a homestead, when, Ruthven v. Mast, 8 N. W. Rep. 659; taxes and repairs on homestead must be paid by the occupying widow, In re Wilson, 8 N. W. Rep. 830; warrant to remove defendants, from homestead in an action other than one for forcible entry and detainer, held, without jurisdiction, Krumweide v. Shroeder, 9 N. W. Rep. 107; one being the head of a family is entitled to homestead exemptions, Dorrington v. Meyers, 9 N. W. Rep. 555; contract for loan of money on a mortgage will not defeat wife’s homestead right, when, Tolman v. Leathers, 2 Fed. Rep. 653; burden of proof is. on defendant to prove that one was bought with the proceeds of a prior homestead, in action to subject it to the payment of debt contracted prior to its purchase, First Nat. Bank v. Baker, 10 N. W. Rep. 633; effect of execution sale of’ homestead upon owner’s right to immature crops, Martin v. Knapp, 10 N. W. Rep. 721; effect of alteration of mortgage of homestead without wife’s consent— invalidity of mortgage and foreclosure thereof, Coles v. Yorks, 10 N. W. Rep. 775; undivided interest in homestead cannot be set off after foreclosure sale, Farr v. Reilly, 10 N. W. Rep. 802; a citizen and resident of another state cannot have a homestead in Iowa, Leonard v. Ingram, 10 N. W. Rep. 804; setting off widow’s distributive share of estate with reference to incumbrances on homestead, Wells v. Wells, 10 N. W. Rep. 824; conveyance to wife of proceeds of homestead was not fraudulent, as against creditors, Jones v. Brandt, 10 N. W. Rep. 854; assignment of foreclosure certificate of homestead to wife of mortgagor — redemption may be made by creditors, when, Martin v. Sprague, 11 N. W. Rep. 143; where a contract purchaser on completing his payments causes land to be deeded to another, he cannot claim homestead rights in it, Fairbairn v. Middlemiss, 11 N. W. Rep. 203; change of domicile without intent to make it permanent will not defeat, *209 homestead rights, Bradshaw v. Hurst, 11 N. W. Rep. 672; lease of portion of homestead no"t inconsistent with, Guy v. Downs, 12 N. W. Rep. 8; not abandoned,, when, Savings Bank v. Kennedy, 12 N. W. Rep. 479; lands not subject to attachment, Smith v. Steele, 12 N. W. Rep. 830; statutory provisions — mortgage, when void, Bonorden v. Dressen, 12 N. W. Rep. 83.
Abandonment by surviving wife or husband, Eaton v. Bobbins, 13 N. W. Rep. 143; failure of sheriff to plat, Brumbaugh v. Sollinger, 13 N. W. Rep. 338; in possession of widow — partition by heirs considered, Patterson v. Patterson, 13 N. W. Rep. 504; only that part of the building used as a residence, exempt as a, Mayfield v. Maasdom, 13 N. W. Rep. 652; owner may change metes and bounds without consent of husband or wife, but cannot so mortgage or convey, Goodrich v. Brown, 13 N. W. Rep. 309; rights abandoned by want of notice to sheriff, Brumbaugh v. Sollinger, 13 N. W. Rep. 338; widow suing heir as trespasser, Patterson v. Patterson, 13 N. W. Rep. 504; decree in foreclosure cannot conclude homestead rights of one not party to it, Shoemaker v. Collins, 14 N. W. Rep. 559; easement across a homestead taken by railroad by right of eminent domain does not divide it into separate parts, Hornby v. Sikes, 14 N. W. Rep. 278; evidence that property sold under execution was, 'may be admitted under general denial in an action of ejectment, when plaintiff merely alleges in himself generally, Kipp v. Bullard, 14 N. W. Rep. 364; favored in law, and when given as security, is favored even more than a surety or security given by a third party, Dunn v. Buckley, 14 N. W. Rep. 67; mortgage of, as additional security to chattel mortgage. Id.; mortgage of, will not cover future advances, Id.
Execution sale of tract without selection by owner, considered, First Nat. Bank v. Jacobs, 15 N. W. Rep. 500; husband and wife owning contiguous tracts of land, and occupying the two tracts as a homestead, with the dwelling on the land of the wife, the family may claim homestead, Lowell v. Shannon, 15 N. W. Rep. 566; husband being dead or absent, claim and demand may be made by the wife, Lowell v. Shannon, 15 N. W. Rep. 566; railroad condemning one of two contiguous lots constituting a, must pay for injury to both, Port Huron & S. W. Ry. Co. v. Voorheis, 15 N. W. Rep. 882; sale and sheriff’s deed attacked collaterally by minor children in action by purchase of land claimed as homestead, Lowell v. Shannon, 15 N. W. Rep. 566; sale by sheriff in one parcel, for gross sum, of homestead and other lands not exempt, is void as to all, Mohan v. Smith, 15 N. W. Rep. 118; insane wife uniting in conveyance of, Alexander v. Vennum, 16 N. W. Rep. 80; judgment held a lien after abandonment, Id.; single man purchasing lot in view of marriage, Reske v. Reske, 16 N. W. Rep. 895; exemption of money due from railroad company for damages for condemnation of right of wav over homestead from attachment or execution, sustained, Kaiser v. Seaton, 17 N. W. Rep. 664; judicial sale of homestead without platting by officer, when occupants fail to do so, will render sale void, etc., Owens v. Hart, 17 N. W. Rep. 898.
Antenuptial contracts construed as not affecting the homestead rights of the wife, Mahaffy v. Mahaffy, 18 N. W. Rep. 685; complaint held insufficient to show a cause of action for the recovery of money for lumber furnished to erect a dwelling-house, Keller v. Struck, 18 N. W. Rep. 280; husband and wife occupying a tract of land in which they have not selected their homestead, a mortgage of a part of it, signed by husband alone, will not cut off the right of the wife in such part, or render it subject to execution, until the homestead has been set apart, Goodrich v. Brown, 18 N. W. Rep. 893; judgment creditor cannot redeem after expiration of statutory limit from a foreclosure sale, as his judgment is not a lien on the homestead, Spurgin v. Adamson, 18 N. W. Rep. 293; mortgage executed by husband alone upon a part of the premises occupied by him as a homestead cannot be held to show an intention on his part to change the limits and boundaries of the homestead, Goodrich v. Brown, 18 N. W. Rep. 893; husband has valuable and important right, which the courts will protect, in land that belongs to his wife but is the family homestead, Rowe v. Kellogg, 19 N. W. Rep. 957; husband’s power of alienation is restricted by the words “as to such homestead, ” in Rev. St. 1878, § 2203, Ferguson v. Mason, 19 N. W. Rep. 420; husband’s written agreement, not signed by wife, that a debt not due for purchase money shall be a lien upon a house and lot occupied by them as a homestead, is void, Id.; occupancy of the quarter of an acre exempted by statute from sale on execution must be solely for the purpose of a homestead, and the owner cannot select this quarter of an acre so as to include buildings and premises leased to tenants, unless such tenants are employed as servants in the family, Schoffen v. Landauer, 19 N. W. Rep. 95; person having a homestead right in buildings and premises on the west side of a lot, *210 by actual possession and dwelling, cannot have a similar right in a house on the east end of the lot by a construction and claim, Id.; judgment rendered in a court of record in a county where homestead is situated will be a lien on such homestead, which will become operative on sale or abandonment of homestead by debtor; evidence held not to show abandonment. McHugh v. Smiley, 20 N. W. Rep. 296; homestead — intention to occupy — materials for dwelling, Scofield v. Hopkins, 21 N. W. Rep. 259; claim of widow, Dickman v. Birkhauser, 21 N. W. Rep. 396; excusable absence, Hanlon v. Pollard, 22 N. W. Rep. 767; judgment — burden of proof, Paine v. Means, 22 N. W. Rep. 669; homestead law in force when debt is contracted governs as to the rights of the creditor and debtor in that case, DeWitt v. Wheeler, 23 N. W. Rep. 506; village lot — partition of farm — platted lots, Bouchard v. Bourassa, 23 N. W. Rep. 452; value of land — life-tenant, Yates v. McKibbin, 23 N. W. Rep. 752; homestead in wife — husband has no personal exemptions, Stout v. Rapp, 23 N. W. Rep. 364; occupation by surviving husband, Holbrook v. Parry, 23 N. W. Rep. 671; partnership property, Drake v. Moore, 23 N. W. Rep. 263; homestead .held by contract — mortgage on, State v. Townsend, 23 N. W. Rep. 509. See Bullene v. Hiatt, ante, *98.