Nov. Term, 1851.

BURTCH v. ELLIOTT.

---

BURTCH and Others *v.* ELLIOTT.

A conveyance of land by father to son, without a valuable consideration, and for the purpose of defrauding existing creditors, is void as against such creditors, but valid between the parties; and, where the lands have descended to the heirs of the grantee, a Court of chancery will, upon the application of such creditors, set aside the sale as to them, and order the land to be sold to pay their claims and costs; and the heirs of the grantee will be entitled to the surplus.

APPEAL from the *Knox* Circuit Court.

PERKINS, J.—This was a bill in chancery by *William Burtch* and four others against *Naomi Jane Elliott*, to set aside a fraudulent conveyance. The bill sets forth that one *John Elliott* was indebted in certain specified amounts,

*Friday, November 28.*

to each of the complainants; that judgments had been obtained upon the amounts, and that executions had issued, upon which returns of no property had been made, &c. The bill further states that, during the time said *John Elliott* was thus indebted to the complainants, he was the owner of a certain piece of land encumbered by a mortgage, and that, to defraud his creditors, he conveyed said land to his son, *Samuel H. Elliott;* that said *Samuel* afterwards died, leaving one son, to whom said land descended; that the son died, and from him the land descended to his mother, the wife of said *Samuel*, deceased, while living, *Naomi Jane Elliott*, the defendant. The bill prays that the conveyance from *John* to *Samuel H. Elliott* be set aside, and the equity of redemption sold to pay the complainants' claims. The defendant answered, denying material parts of the bill. Depositions were taken; the cause was heard upon bill, answer, exhibits, and depositions; and the bill was dismissed.

No motion was made to suppress any part of the depositions, nor is any one of them objected to here. The question is alone upon the evidence. Without recapitulating it, we may say that, in our opinion, it establishes, in connection with the exhibits and admissions in the pleadings, that *John Elliott* owed the debts, amounting to a considerable sum, named in the bill; that he, also, while owing them, owned the land described in the bill; that the land was encumbered with a mortgage of about 500 dollars, but was worth, probably, 1,000 dollars; at all events, a considerable sum over and above the amount of the mortgage; and that this land, *John Elliott* conveyed to his son, *Samuel H. Elliott*, subject to said mortgage, without consideration, and to defraud his creditors.

We think, therefore, that the Court below erred in dismissing the bill, and that, instead thereof, a decree should have been entered for the setting aside, so far as creditors are concerned, of said deed from *John* to *Samuel H. Elliott*, and for the sale of the equity of redemption in said land; thus giving the creditors of said *John* the benefit of whatever his interest in said land was worth. But as

said *John's* conveyance, though fraudulent as to creditors, was binding as against him and his heirs, it should further be decreed that if any surplus remains of the proceeds of the sale of said land, after paying all creditors and costs, it should be paid over to the person entitled under his grantee.

*Per Curiam.*—The decree is reversed with costs. Cause remanded with instructions to the Circuit Court to render a decree in conformity with this opinion.

*S. Judah*, for the appellants.

*R. N. Carnan*, for the appellee.