MOORE v. MEEK.

PRACTICE.—Where the record on appeal does not contain all the evidence, this Court will presume that the judgment of the Court below was sustained by the evidence.

FRAUDULENT CONVEYANCE.—A conveyance, fraudulent as to creditors, may be valid between the parties, and be enforced as between them, and especially in favor of a third person to whom a promise, growing out of such transaction, had been made.

APPEAL from the *Madison* Common Pleas.

*Per Curiam.*—Suit upon a note, with a second paragraph in the complaint for the price of land sold and conveyed, by a third person, upon a promise on the part of the purchaser to pay the price of the same to the plaintiff.

There was no set-off, counter-claim, or failure of consideration alleged in the answer, and, hence, no evidence of such was admissible.

In one view of the evidence, if the record contains it all, the case was made out on the part of the plaintiff, and we must suppose the Court below considered that view to be the right one, and acted upon it. The Court may have inferred that a promise of payment had been made. This presumption must be indulged in favor of the judgment below.

But we can not regard the record as containing the evidence. See *Hamilton* v. *Railsback,* at this term.

It may be observed that a conveyance fraudulent as to creditors may be valid between the parties, and be enforced as between them; and especially in favor of a third person to whom a promise, growing out of such transaction had been made. *Lamb et al.* v. *Donovan,* 19 Ind. 40.

The judgment must be affirmed, with costs, and one-quarter of 1 per cent. damages.[1]

*John Davis,* for the appellant.

*J. A. Harrison,* for the appellee.

(1) Petition for rehearing overruled, *August* 26, 1863.