Welby *v.* Armstrong et al.

present a petition to the House of Commons on behalf of the other defendant, *George Tiernay,* complaining of the return of *George Jackson, Esq.,* as a member of parliament. See also, *Harris* v. *Roof's Ex'rs,* 10 Barb. on page 493.

This contract has the additional element of a division of the thing in dispute, which brings it within the definition of Champerty. See Bacon's abridgment, tit. Champerty. Champerty was a common law offence, and the statutes merely give additional penalties.

The common law upon the subject of champerty and maintenance is part of the law of *Indiana. Scobey* v. *Ross,* 13 Ind. 117, and the cases cited in note f. 2 G. & H. 160.

The case of *Sedgwick* v. *Stanton,* 4 Kernan, 289, was a contract to procure from a board of commissioners a patent for a tract of land, and it was held valid—1. Because from the character of the services to be performed, it contemplated nothing but the furnishing of evidence, and an open argument before the board. 2. Because the law, upon the subject of champerty and maintenance, was only in force in *New York* to a limited extent.

---

WELBY *v.* ARMSTRONG *et al.*

CONTRACTS—FRAUD.—Executed contracts, made to hinder, delay, and defraud creditors, although void as to creditors, are binding upon the parties themselves; but executory contracts, made for the same purpose, are void, both as to creditors and between the parties, and will not be enforced.

APPEAL from the *Jefferson* Circuit Court.

HANNA, J.—Suit by *Welby* on promissory notes, and acceptances of said defendants.

The defence sets up, that, prior to the year 1854, said *Welby* and one *D. L. Armstrong* were for three years partners in mer-

cantile business; that, in the latter year, said *D. L. Armstrong* was largely indebted individually, and as a partner; that said *Welby* desired to dispose of his interest in said mercantile establishment; and to shield the same from the creditors of said *D. L. Armstrong*, said *Welby* proposed that the said purchase should be made, and said business carried on, in the name of these defendants; to cover up said property, and hinder and delay the creditors of said *D. L. Armstrong* in the collection of their debts, and prevent them from attaching or executing said goods as the property of said *D. L. Armstrong*. In accordance with said proposition, it was so agreed, and the interest of said *Welby* in said concern was ostensibly sold to said defendants, but was, in fact, delivered to, possessed and disposed of by, said *D. L. Armstrong*, for his own use and benefit; that, at the time of said transaction, said *Welby* and said *D. L. Armstrong* represented the assets were ample to meet the payments as fixed and agreed upon by said *Welby* and said *D. L. Armstrong;* that it was further agreed and understood by and between the said *Welby*, said *D. L. Armstrong*, and these defendants, that, in consideration of the premises, they were not to pay, nor be called upon to pay, any part of said purchase-money, which was fixed in certain installments, and the paper sued on executed therefor, &c.; that they are informed said *D. L. Armstrong* has paid large sums, &c.

To this, in the various forms in which it was presented, demurrers were overruled.

Reply in denial. Trial by the Court; finding and judgment for the defendants.

The evidence is in the record, and tends to sustain the finding upon the issues submitted. Did the issues present a material and valid defence, if found for the defendants? In other words, was the transaction one tainted with illegality, and so much against public policy, as to forbid its enforcement,

Welby *v.* Armstrong et al.

or prevent the maintenance of an action upon the paper so executed?

Our statute, 1 G. & H. 352, upon the subject of conveyances of goods, &c., with intent to hinder, delay, or defraud creditors, is similar to that of 13 Eliz. Under this *English* statute, it has always, we believe, been held, that conveyances to hinder, &c., creditors, are not absolutely void, but are considered binding between the parties. In this State, under a similar statute, the rulings have been repeatedly in accordance with those above referred to. *Findley* v. *Cooley*, 1 Blkf. 262; *Dugan* v. *Vattier*, 3 *id.* 245; *Scott* v. *Purcell*, 7 *id.* 66; *Laney* v. *Laney*, 2 Ind. 196; 4 *id.* 149; *Moore* v. *Meek*, 20 Ind. 484. In *New York*, in the case of *Nellis* v. *Clark*, 20 Wend. 24, S. C. 4 Hill. 424, the doctrine was confined to executed conveyances; and it was held, that executory agreements, entered into in fraud of creditors, could not be enforced between the parties. *Mosely* v. *Mosely*, 15 N. Y.—1 Smith, 335.

It appears manifest, from the pleadings, that the transaction, out of which grew the promises sued on, was entered into and carried forward, so far as the agreement was performed, with the intent to hinder and delay, if not to defraud, creditors of *D. L. Armstrong*, and that this purpose was not only known to the plaintiffs, but it is averred that said mode was suggested by him. It remains for us to say whether the distinction, taken by the *New York* cases referred to, is correct. It appears to us, the decisions named are founded on sound sense and reason, and are in consonance with a line of decisions adopted and followed by this Court upon kindred questions. We do not recollect, and have not been referred to, any case in this Court where this point arose, and the distinction now taken was urged upon the attention of the Court; although, without a just regard to such distinction, loose expressions may have been used which would apparently conflict with the conclusion now arrived at.

*Per Curiam.*—The judgment is affirmed, with costs.

*Hendricks & Matthews,* and *Walker & Richardson,* for the appellant.

*H. W. Harrington,* for the appellees.