## O'NEIL *v.* CHANDLER.

CONTRACT.—*To Defraud Creditors.—As Between the Parties.*—A contract made to hinder or delay creditors is illegal as to creditors only. As between the parties, and as to all others than creditors, it is legal and valid, and can be enforced in all its terms as any other contract.

SUPREME COURT.—*Rule of Court.—Marginal Notes on Transcript.*—A failure to place marginal notes on the transcript, in compliance with rule nineteen of this court, though perhaps a ground for a motion to set aside the submission of the cause, is not a ground for dismissing the appeal.

APPEAL from the Cass Common Pleas.

OSBORN, C. J.—This was an action on a note executed by the appellee to Elizabeth Chandler, and by her endorsed to the appellant, for one thousand four hundred and seventeen dollars and ninety cents.

The only error assigned is in overruling a demurrer to one paragraph of the answer.

The paragraph demurred to states, that prior to the execution of the note, William Chandler became insolvent and incurred large liabilities to different parties, on which judgments had been rendered to the amount of about eighteen thousand dollars ; that, wishing to conceal some of his assets from his creditors and keep the same from being levied upon, he placed them in the hands of the appellee and informed his creditors that they belonged to him and were not subject to execution on the judgments ; that the defendant took the property and started business in his own name, William managing the business, but claiming to the public that he was acting as clerk for defendant; that three thousand dollars profits accrued from the business, which was used to increase the business; that the note sued on was given to William "for the stock or capital thus invested in said business ;" but at the request and direction of William, it was taken in the name of Elizabeth Chandler, wife of William ; that she never exercised any control over it, and traded it to the plaintiff for goods, after notice of the facts alleged ; that she had nothing whatever to do with the transaction ; that

no part of the consideration of the note came from her, nor was she consulted about the transaction. It is also averred that the whole of the business arrangements between the defendant and William, was in pursuance of a fraudulent combination on the part of William for the purpose of defrauding his creditors, and that the property has always remained in his possession.

The ruling of the court was undoubtedly based upon *Welby* v. *Armstrong*, 21 Ind. 489. That case was overruled by *Springer* v. *Drosch*, 32 Ind. 486, which we adhere to. It is decisive of this.

The judgment of the said Cass Common Pleas is reversed, with costs. Cause remanded, with instructions to the court below to sustain the demurrer to the said paragraph of the answer to the complaint, and for further proceedings.

### ON PETITION FOR A REHEARING.

OSBORN, C. J.—A petition for a rehearing has been filed in this case on the ground, principally, that a motion to dismiss the appeal should have been sustained. The grounds of the motion were, a failure to comply with the 19th rule of this court requiring marginal notes to be placed on the transcript in their appropriate places indicating the several parts of the pleadings in the cause, etc.

If a motion had been made to set aside the submission, it might have been sustained ; but the failure to comply with the rule was no ground for dismissing the appeal. The second ground was because no notice of appeal as required by 2 G. & H. 270, sec. 551, had been given to Elizabeth Chandler, a co-plaintiff of the appellant.

The record does not show that she was a co-plaintiff with the appellant. There are no pleadings showing other parties than the appellant and the appellee. It shows that the court made an order consolidating two cases designated only by their numbers. The order does not in any manner indicate who were the parties in those actions. After the order

of consolidation, there are entries in which the name of Elizabeth Chandler is associated with the appellant in the title of the cause, and others in which her name is omitted, the appellant appearing as the sole plaintiff. During the trial, the appellee filed a request in writing, that the jury should be required to answer interrogatories, in which he entitled the action as *Patrick O'Neil* v. *Oscar J. Chandler.* Two separate verdicts were rendered by the jury, one for the appellant, and one for Elizabeth Chandler, not as co-plaintiffs, but as several plaintiffs.

After the verdict, the appellee filed a motion, again entitling the action between the appellant and appellee, recognizing him as the sole plaintiff. There is nothing in the record showing that Elizabeth Chandler was a party, or interested in the matters in issue between the appellant and appellee.

The petition is overruled.

*D. H. Chase, J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellant.

*S. T. McConnell* and *M. Winfield,* for appellee.