## VAN WY v. CLARK, ADM'R.

PLEADING.—*Fraud.*—Suit on a promissory note by the payee against the maker. Answer, alleging that the defendant purchased of a third person a stock of goods, on which the plaintiff held a mortgage; that the note in suit was given in consideration of the assignment and transfer of said mortgage, and the note secured thereby, by the plaintiff to the defendant, on the faith of the representation of the former to the latter that the mortgage was a good and valid security for the note so assigned, and on the faith of the plaintiff's promise that if the mortgagor should become bankrupt, and the goods should be taken from the defendant, he should not be required to pay the note in suit, and showing that the note and mortgage assigned were executed by said third person to defraud his creditors, and that the defendant lost the entire benefit of the mortgage through the bankruptcy of the mortgagor.

*Held,* that the answer sufficiently showed that the defendant was injured by the representation of the plaintiff.

FRAUD.—*Mortgage to Defraud Creditors.*—A note and mortgage made for the purpose of cheating and defrauding creditors are obligatory upon the parties, and are only voidable at the instance of the creditors.

CONTRACT.—All preceding negotiations must be regarded as merged in writings executed by the parties in completion of the contract.

From the Tipton Circuit Court.

*J. O'Brien,* for appellant.

*J. W. Evans* and *R. R. Stephenson,* for appellee.

DOWNEY, J.—Action by the appellant, as payee, against Jacob B. Loehr, the intestate of appellee, as maker of a promissory note. The defendant answered in three paragraphs.

The first was an answer of want of consideration, generally, and no question is made with reference to it.   The second and third were as follows:

" Second.  And for a second and further answer, the defendant says that the note sued on in the plaintiff's complaint was executed by this defendant upon the following consideration, and none other, to wit: That one Roger R. Shiel was in possession of, and claimed to be the owner of, a stock of goods in the town of Noblesville, in said county, which he was desirous of selling to this defendant, of the probable value of thirty-five hundred dollars, upon which stock of goods the plaintiff claimed to have a *bona fide* chattel mortgage to secure a *bona fide* debt against the said Shiel of twenty-six hundred dollars, upon which indebtedness the plaintiff claimed there was a *bona fide* balance due him to the amount of the note in suit at the date of its execution; that said chattel mortgage was a continuing one, as well on the stock then in store, as on goods subsequently purchased by said Shiel in lieu of goods sold by said Shiel in the regular order of his business as a merchant in said town; that, with the knowledge and consent of said Van Wy, the said Shiel was permitted to remain in possession of said goods, exercise acts of ownership over the same, sell the same at pleasure, and continue such sale for many weeks, during which time such mortgaged goods were confused with other goods purchased by said Shiel, and placed upon the shelves, in the drawers and boxes of said Shiel, in the places of the goods so sold by said Shiel, and among any portion of the remaining goods which were in store at the time of the execution of said chattel mortgage, all of which was done with the knowledge and consent of the plaintiff herein.   And the defendant further says that the said chattel mortgage was given to secure a fabricated and fraudulent promissory note, described therein as calling for the sum of twenty-six hundred dollars, when the real indebtedness from said Shiel to said Van Wy would not exceed the sum of one thousand dollars; but the same was executed for said larger sum for the purpose of defrauding the creditors of said Shiel, all of which was wholly .

unknown to this defendant at the time he executed said note; that at the time of the execution of said note by the defendant, the said R. R. Shiel was largely indebted and in failing circumstances, which was also unknown to this defendant, and well known to the plaintiff, but by him carefully concealed from this defendant, in order to induce this defendant to execute said note for the amount that said Van Wy, the plaintiff, claims was due to him from said Shiel, and for which he claimed to hold a lien by virtue of said chattel mortgage; and the defendant says that the chattel mortgage and the note it was given to secure were false, fraudulent, and void for the reason above stated, and that the note in suit was executed to the plaintiff for said false and fraudulent amount claimed as a lien by the plaintiff against said goods, with the express understanding and agreement by parol, between the plaintiff and defendant, that should the said Shiel be thrown into bankruptcy, and the defendant fail to hold said goods on his purchase of them from said Shiel, for any cause whatever, then said promissory note, now in suit, should be null and void and of no effect whatever. And the defendant further says, that immediately after the execution of said note to the plaintiff, the creditors of said Shiel brought him into a court of bankruptcy and had the identical goods purchased of him by the defendant, and on which the plaintiff pretended to hold said chattel mortgage, seized by the United States marshal and sold for the benefit of his (said Shiel's) creditors, from which goods this defendant never received any benefit whatever, nor did this defendant hold said goods or any portion of the same; and that immediately after the said Shiel was adjudged a bankrupt, and the said goods were taken by said court of bankruptcy for the benefit of the creditors of said Shiel, this defendant tendered back to the plaintiff herein the aforesaid note and mortgage which he had transferred to this defendant on said Shiel, and demanded of the plaintiff that he surrender to this defendant the note in suit for cancellation, in accordance with the terms of said agreement; and the defendant admits the allegation in the plaintiff's complaint that reasonable attorney's fees for the

collection of said note is as averred in the complaint. The defendant also says that he has always been ready and willing, and now is ready and willing, to surrender up to the plaintiff the aforesaid note and mortgage against said Shiel. He files herewith copies of the note and mortgage on said Shiel as part hereof, and also a copy of the judgment in bankruptcy against said Shiel as part hereof, and says that, in view of the premises, the consideration for which the note in suit was executed has wholly failed, and he asks that said note be surrendered to the files of this court for cancellation, and demands judgment for his costs.

" Third. The defendant, for third and further answer to the plaintiff's complaint, says that the note sued on in the plaintiff's complaint was given in consideration of the sale and transfer by the plaintiff to the defendant of a certain promissory note made by one R. R. Shiel to the plaintiff, on the 18th day of March, 1871, due one year after date, calling for twenty-six hundred dollars, upon which the plaintiff claimed there was then due and unpaid a sum equal to the amount of the note sued on at the date of its execution, and also in consideration of the transfer and assignment by the plaintiff to the defendant of a chattel mortgage, executed by said R. R. Shiel, to secure the payment of said twenty-six-hundred-dollar note to the plaintiff; and the defendant says that, to induce him to accept of the transfer of said note and mortgage to him, and to induce him to execute the note sued on by the plaintiff, the said plaintiff falsely and fraudulently represented to the defendant that said twenty-six-hundred-dollar note and the mortgage given to secure its payment were each given for a good and valuable consideration, and that there was a *bona fide* amount due thereon equal to the amount of the note sued on in the complaint; that the defendant believed and relied upon the statements aforesaid of the plaintiff; that he acted wholly upon the said statements and representations of the plaintiff, and had at that time no means of ascertaining their falsity; but that, soon after the execution of the note declared on in the plaintiff's complaint, this defendant learned that the said

note of twenty-six hundred dollars and the mortgage given to secure its payment were each of them fraudulent and void, and were not executed for the payment or security of a valid debt, but were each executed and accepted by the parties thereto in contemplation of the bankruptcy or insolvency of the said Shiel, with the fraudulent purpose to cheat, wrong, and defraud the creditors of said Shiel, who was at that time and still is insolvent and a bankrupt, which was well known to the plaintiff at the time he transferred said note and mortgage to this defendant, and induced the defendant, by means of said false and fraudulent representations, to execute the note in suit, and wholly unknown to the defendant. And the defendant says that he has never collected any portion of said note and mortgage from said Shiel, and since he tendered the same back to the plaintiff, has made no effort to collect the same, and that since he learned of said fraud practised by the plaintiff upon him, he has been at at all times ready and willing, and still is ready and willing, to return said note and mortgage to the plaintiff, and now brings the same into court for the use of the plaintiff. And the defendant says that as soon as he learned of the fraud thus practised upon him, he returned said note of twenty-six hundred dollars, and also said mortgage, to the plaintiff, and tendered them to him, and demanded that the plaintiff surrender to the defendant the note in suit for cancellation, all of which the plaintiff refused to do. The defendant, therefore, says that the note in suit is without any consideration, and that his signature thereto was obtained by fraud; and the defendant asks that upon the final hearing of this cause the plaintiff be required to surrender said note to the files of this court for cancellation, and that said trade between the parties to this suit be in all things rescinded, and he demands all other and proper relief," etc.

The plaintiff demurred to the second and third paragraphs of the answer separately, on the ground that they did not state facts sufficient to constitute a defence to the action, and his demurrers were overruled.

There was then a reply in four paragraphs, the first of which

was a general denial of all the paragraphs of the answer. The second, third, and fourth paragraphs need not be particularly noticed.

A demurrer to each of the special paragraphs of the reply was filed by the defendant, and overruled by the court, but there is no question made as to this ruling.

A trial of the issues of fact was had by a jury, and there was a verdict for the defendant. A motion for a new trial was made by the plaintiff, on written reasons filed, which motion was overruled, and there was final judgment for the defendant. Loehr died after judgment.

The assignment of errors presents the following questions:

1. As to the correctness of the action of the court in overruling the demurrer of the plaintiff to the second paragraph of the answer.

2. Overruling the demurrer of the plaintiff to the third paragraph of the answer.

3. Overruling the motion of the plaintiff for a new trial.

The second paragraph of the answer alleges, in substance, that the note and mortgage, the assignment or transfer of which by the plaintiff to the defendant was the consideration of the note sued on, were executed to defraud the creditors of Shiel, and circumstances are stated which rendered the note and mortgage void, as against the creditors of Shiel. It is also alleged that Shiel became bankrupt, and that the goods mortgaged were seized, and the defendant wholly deprived of them and of the security for the payment of the debt. It is further alleged that it was agreed by the plaintiff that if Shiel became bankrupt, and the goods were taken away from the defendant, he should not be required to pay the note in suit. It is urged by counsel for the appellant that this paragraph is not good, because it does not show that the defendant was injured by the representations, etc., of the plaintiff. We think the paragraph does show this fact, by alleging that the defendant lost entirely the benefit of the chattel mortgage, which was the security for the payment of the note, and which, it is alleged, the plaintiff represented to be a good and valid security.

We have arrived at the conclusion that the third paragraph of the answer is not good. It alleges that the plaintiff represented that the assigned note and the mortgage were each given for a good and valuable consideration, and that there was an amount due thereon equal to the amount of the note sued on. It is then stated that the note and mortgage were each fraudulent and void, were not executed for the payment or security of a valid debt, but were executed and accepted in contemplation of the bankruptcy or insolvency of Shiel, with the fraudulent purpose to cheat, wrong, and defraud the creditors of Shiel. Notwithstanding the fact that the note and mortgage were executed for the purpose of cheating and defrauding the creditors of Shiel, they were valid and binding as to him. Such transactions are obligatory upon the parties thereto. They are only voidable at the instance of the creditors. *Findley* v. *Cooley*, 1 Blackf. 262; *Laney* v. *Laney*, 2 Ind. 196; *Burtch* v. *Elliott*, 3 Ind. 99; *Springer* v. *Drosch*, 32 Ind. 486. The last case overrules *Welby* v. *Armstrong*, 21 Ind. 489, which held that executory contracts to defraud creditors were void both as to parties and creditors.

In this paragraph, it does not appear that the creditors of Shiel ever asserted any claim to the goods covered by the mortgage, that they were not sufficient in quantity and value to pay the note, or that there was anything to prevent the defendant from making the amount of the note out of the goods. For these reasons, we think this paragraph of the answer should have been held insufficient.

Several questions are discussed under the last assignment of error. Some of them, which may arise on another trial of the cause, may properly be considered. The note and mortgage of Shiel to the plaintiff are dated March 18th, 1871. On the 18th day of October, 1871, the defendant purchased the stock of goods in question of Shiel, and a written contract was entered into by them, by which the defendant agreed, among other things, to pay for the goods by paying certain debts of Shiel, including the debt to plaintiff, secured by the mortgage, and the residue in two payments of equal amounts in twelve

and eighteen months. The note in suit is dated October 24th, 1871, at which date the note of Shiel and the mortgage were assigned by the plaintiff to the defendant, and at which time the following agreement also with the defendant was made and signed by the plaintiff:

" This agreement between Jacob B. Loehr and Joseph Van Wy, both of," etc., "witnesseth that the said Jacob B. Loehr, having this day settled with Joseph Van Wy for R. R. Shiel, in pursuance of an agreement made between the said Jacob B. Loehr and Roger R. Shiel, dated October 18th, 1871, at the sum of eighteen hundred and seventy-six dollars and sixty-four cents; now if the said Roger R. Shiel should reduce said amount so settled by the said J. B. Loehr, by legal process, the said Joseph Van Wy agrees to return the amount so reduced to the said J. B. Loehr by credit on the note given by the said Loehr to the said Van Wy on settlement of said amount.

" JOSEPH VAN WY."

On the trial of the cause, the defendant proposed to prove, by parol, and, over the objection of the plaintiff, was allowed thus to prove, that Van Wy said before the contract as to the note was concluded, that if he, Loehr, did not hold the goods in bankruptcy, he, the plaintiff, would not collect the note. The objection to the evidence was, that the parol evidence was inadmissible, because the contract was in writing. The court remarked, in overruling it, that the jury might consider the evidence for the purpose of determining the consideration for which the note in suit was given. We think this ruling was wrong, on the ground assumed by counsel for the plaintiff. The preceding negotiations must be regarded as merged in the the writings executed by the parties in completion of the contract. Davis Ind. Dig., vol. 1, p. 385, sec. 77 and 78.

A question was made as to the right to open and close. Without stating the facts relating to it, we think the court, under the circumstances, committed no error in awarding the open and close to the defendant.

We will not extend this opinion by considering other questions which may not again arise.

The judgment is reversed, with costs, and the cause remanded for further proceedings.