Filed May 16, 1890.

———————

## No. 14,207.

## REISTERER ET AL. *v.* CARPENTER.

ATTORNEY'S FEE.—*Promissory Note.—Action on.*—The sum of $60 is not an unreasonable attorney's fee in a suit upon a promissory note where tender is made of $510 and after trial the sum of $968.49 is recovered.

CONTRACT.—*Parol Evidence to Vary.*—Parol evidence is inadmissible to prove that a written contract is different from what the writing states it to be.

SAME.—*Contractual Consideration.—Parol Evidence.*—Where the consideration of a contract is contractual it can not be varied, changed or modified by parol evidence.

From the Fountain Circuit Court.

*T. F. Davidson,* for appellants.

*H. H. Dochterman,* for appellee.

BERKSHIRE, J.—This was an action upon a note which provides for attorney's fees. After issue joined the cause was submitted to the court for trial, and a finding returned in favor of the appellee, who was the plaintiff below, for $968.49. And after a motion for a new trial had been filed, and overruled, to which ruling of the court the appellants reserved an exception, the court rendered judgment that the sum of $510, which the appellants had brought into court

as a tender, be paid to the appellee, and that he recover of the appellants the further sum of $458.49, together with costs.

The only ruling of the court upon which error is predicated is the overruling of the motion for a new trial.

The two causes assigned in the motion for a new trial, which are relied upon, are : (1) that the damages are excessive, and (2) that the court erred in excluding certain testimony offered by the appellants.

The court allowed the sum of $60 as a reasonable fee for appellee's attorneys, and it is contended that this was too much in view of the evidence before the court as to the value of the services rendered.

We are not inclined to this opinion. It is true, that after the appellants had brought into court the said sum of $510, as a tender, the contest was over the balance of $468.49, as claimed by the appellee ; but when the action was brought the amount which the appellee claimed to be due him, less attorney's fees, was $918.49.

The action was closely contested after the tender was made, and the labor, diligence and legal ability required equally great as if the contest had been over the whole sum, and the responsibility nearly the same.

In view of the amount involved, the issues and trial, we are not of the opinion that the fee was unreasonably large; it might have been more and not have been excessive. This leads us to the second proposition.

Certain questions were propounded to one Marshal Nixon, a witness called and placed on the witness-stand by the appellants, to which questions the appellee interposed objections.

The objections were sustained by the court. The appellants then informed the court what they proposed to prove by the witness in answer to said questions. The court refused to permit the witness to answer the questions, and the appellants reserved exceptions.

There were several paragraphs of answer under which the appellants claimed that the testimony offered was competent. These paragraphs of answer covered the same subject-matter exactly, and the questions propounded all related to the same transaction, and by them the appellants sought to elicit the same facts.

In each of the said paragraphs of answer it was alleged that the said Marshal Nixon was the owner of certain personal property which he delivered to the appellee, and that in consideration therefor the appellee agreed to dispose of the property by sale or otherwise, and out of the proceeds thereof pay the following indebtedness of the said Marshal Nixon: $2,000 due to the First National Bank of Attica, Indiana, $700 due to the appellee, $404.40 due to the appellants, and a debt due to one George W. Paul, the amount of which is not stated; that said property was worth $7,000, and that the appellee realized that amount therefor.

Counsel for the appellants contends, among other things, that the relation of mortgagor and mortgagee existed between the said Nixon and the appellee, but the facts averred in neither paragraph of the answer present that question.

The appellee, according to the averments, was to take the property and sell or otherwise dispose of it, and out of the proceeds pay the indebtedness. What was to be done with the surplus, if there was one, we are not informed.

The transaction, as averred, did not simply create a lien in favor of the appellee to secure his debt, nor did it create a lien or security as to the other debts named.

If the appellee, by the arrangement which was made, had assumed the position of a mere lien-holder, he could only have disposed of the property by summary sale after notice given, or by a foreclosure in some court having jurisdiction. But according to the arrangement as averred in the pleadings, the property passed into the possession of the appellee with power to sell it and vest a good title in the purchaser, and to receive and distribute the proceeds.

The offered testimony was in support of the answers, and not different from the facts therein alleged. The relation that existed between the parties must have been that of vendor and vendee, or trustee and *cestui que trust.*

As none of the paragraphs of answer alleged that the contract between the said Nixon and the appellee was in writing we are compelled to assume that it rested in parol.

At the time the appellants made their several offers as to what they would prove by the said witness Nixon if he was permitted to answer the questions propounded, the court had before it the following written contract, which it was conceded had been entered into between the appellee and said Nixon at the time the appellee acquired whatever right, title, or ownership he did acquire to the said property :

" This agreement, made this day by and between Marshal Nixon, party of the first part, and Sampson Carpenter, party of the second part, witnesseth : That the party of the first part has this day sold and transferred to the party of the second part, for the consideration hereinafter mentioned, the following property, to wit, at Melott's Station, on the Range road, one frame building, called office-room, one pair large scales, corn-cribs and sheds ; all the corn in said cribs ; all lumber, lath, shingles, and building materials, agricultural implements, and all personal or other property that the party of the first part may own at said station, but the party of the first part does not attempt to sell or convey any of the real estate on which said office, cribs or sheds are situate, which land belongs to said railroad company ; for and in consideration for said property the party of the second part agrees to pay a certain promissory note payable at the First National Bank of Attica, Indiana, which note is for the sum of $2,000, due September 30th, 1883, and is signed by C. W. Newlin and Marshal Nixon, and for a further consideration for said property the party of the second part

agrees to pay a certain promissory note executed by said Nixon and Carpenter to the First National Bank of Attica, Indiana, which last note is for the sum of $900, and is the only note signed by said Carpenter and payable at said bank; and it is further agreed that if the said Carpenter fails to pay said notes when due, and any costs or charges accrue thereon by suit or otherwise by reason of the non-payment thereof, then the said Carpenter agrees to refund and pay all said costs and charges. This September 24th, 1883.

" MARSHAL NIXON.

" SAMPSON CARPENTER.

" JOHN F. REISTERER, *Witness.*"

It was also conceded that all of the oral negotiations and stipulations of which the appellants offered to make proof were antecedent in time to the execution of said written contract.

We are of the opinion that whatever interest the appellee acquired in and to the property described in the written contract he acquired thereby, and not otherwise.

The only exception to the universal rule which will not allow a written instrument to be contradicted, modified or varied by parol evidence, is that a deed or bill of sale purporting to convey or transfer an absolute title may by parol evidence be given the force and effect of a mortgage.

The ruling of the court excluding the offered evidence was therefore proper, for the reason that by the offered testimony the appellants were seeking to show that the contract between appellee and Nixon was different from what the writing stated it to be, and was therefore but an effort to contradict or impeach it. But the answers ignore the writing, and hence the offered evidence was not within the issues if the evidence would otherwise have been competent.

It is well settled, as contended by counsel for the appellants, that parol evidence is admissible to show the real consideration for an obligation or contract though it be different from the recital in the contract. But an exception to this

rule is where the consideration stated is contractual. In such case. the consideration can no more be varied, changed or modified by parol evidence than can any other of the terms or conditions of the contract. *Pickett* v. *Green*, 120 Ind. 584; *Carr* v. *Hays*, 110 Ind. 408; *Conant* v. *Nat'l State Bank*, 121 Ind. 323; *Singer Mfg. Co.* v. *Forsyth*, 108 Ind. 334·; *Hubbard* v. *Marshall*, 50 Wis. 322; *Hinckley* v. *New York Central R. R. Co.*, 56 N. Y. 429; *Henry* v. *Henry*, 11 Ind. 236; *Van Wy* v. *Clark*, 50 Ind. 259; *Cocks* v. *Barker*, 49 N. Y. 107.

In the written contract before us the consideration to be paid by the appellee is contractual, and can not be varied or controlled by parol testimony. It is a specific and direct promise to do certain things. His agreement is to pay Nixon's notes held by the bank, or its assignee. This he is bound to do, and if he fails he becomes personally liable to whoever holds the paper.

We recognize the rule to which our attention has been called, that two independent contracts may be entered into at the same time, one of which may be reduced to writing and the other left to rest in parol, and that both may be enforced the same as if they had been entered into at different times.

Suppose A. contracts with B. to build for the latter a house at and for the price of $1,000, and the contract is then and there reduced to writing. At the same time A. sells B. a horse for the price of $100, to be paid in six months. The subject covered by one of the supposed contracts is in no way connected with the subject of the other; they are as independent and distinct as though made years apart; and no good reason, we think, can be urged why the enforcement of the one should be prejudiced because of the existence of the other. In the case supposed it is true that the question might arise as to whether the contracts were separate and distinct; but if in fact so, it is clear that they could be enforced independent of each other. But we have no such

case as that before us; here, there is but one subject-matter, and but one contract, and the only question is, what are the rights of the parties under the contract?

We find no error in the record.

Judgment affirmed, with costs.

Filed May 16, 1890.